[No. 1122. Decided February 20, 1894.]

WILLIAM P. BOOK, *Appellant*, v. A. C. WILLEY, *Respondent*.

EVIDENCE — JUDGMENT LIEN — TO WHAT INTEREST ATTACHES.

In an action to foreclose a mortgage on certain real estate, to which one of the defendants interposes the defense that he has a paramount interest by reason of a judgment lien against a leasehold interest in the land, evidence is admissible to show that the actual interest of the judgment debtor in the lands is less than it is made to appear by the county records.

*Appeal from Superior Court, Chehalis County.*

*Ben Sheeks*, and *Hogan & McGerry*, for appellant:

The lien of a judgment is general, and attaches to the actual interest of the judgment debtor in lands, and not

to his apparent or colorable interest as the same may appear of record. 1 Black, Judgments, § 420; *Baker v. Morton*, 12 Wall. 150; *Buchan v. Sumner*, 2 Barb. Ch. 207; *O'Rourke v. O'Connor*, 39 Cal. 442; *Norton v. Williams*, 9 Iowa, 528; *Mansfield v. Gregory*, 9 N. W. 87; *Sanford v. McLean*, 3 Paige, 117; *Coombs v. Jordan*, 3 Bland, 292; *Holden v. Garrett*, 23 Kan. 98; *Unknown Heirs v. Kimball*, 4 Ind. 546; *Churchill v. Morse*, 23 Iowa, 229; Jones, Mortgages, § 460, and cases there cited.

*J. C. Cross*, and *Linn & Bridges*, for respondent.

The opinion of the court was delivered by

SCOTT, J. — This action was brought by appellant in the superior court of Chehalis county to foreclose a mortgage on certain real estate. Said mortgage was executed by John and Sarah Pace Henson to appellant, February 7, 1891. Respondent Willey and defendant Cormier were made parties defendant, under an allegation in the complaint that they had or claimed some lien or interest in the mortgaged premises which was alleged to be subject to the mortgage lien of appellant. The defendants, excepting respondent Willey, failed to answer, and default was entered against them. Respondent Willey answered and admitted the execution and non-payment of the note and mortgage set forth in the complaint; and he further alleged that he had an interest in said lands which was superior to the lien of appellant's mortgage.

The respondent's claim is based upon the following facts: That the defendant John Henson, on the 28th day of July, 1890, executed a written contract of lease of said lands to the defendant Cormier for the term of five years from said date, at an annual rental of two hundred dollars; which lease provided that at the termination thereof the lessee might remove any building erected by him upon the

premises during the existence of the lease; and said Henson also gave Cormier an option to purchase the premises at any time during the term of the lease for a sum specified. And said respondent further alleged that he recovered a judgment in the superior court of Chehalis county against said defendant Cormier, and that on the 28th day of January, 1893, he caused a transcript thereof to be filed in the office of the county auditor of said Chehalis county, thereby making such judgment a lien upon the real estate of said defendant Cormier by virtue whereof respondent claimed a lien upon the leasehold interest of Cormier in the mortgaged premises, and that the same was paramount to the mortgage of appellant, and he asked for a dismissal of the action as to him.

Appellant set up, by way of reply to this answer, that after the recording of appellant's mortgage and on the 3d day of August, 1891, Cormier then being in default in payment of rent on the lease aforesaid, by mutual agreement between said John Henson and said Cormier, said lease was abrogated and declared to be of no further force, and a new contract in writing was on said date entered into between said Henson and said Cormier, by the terms of which Cormier was to buy the mortgaged premises from Henson subject to the lien of appellant's mortgage, and that at said time Cormier assumed the payment of appellant's mortgage, and thereafter paid part of the debt thereby secured.

At the trial respondent offered evidence in support of the allegations contained in his answer, and in rebuttal appellant offered in evidence the deposition of said Cormier wherein he testified in substance that before the alleged recovery by respondent of his judgment against him said lease had been forfeited by him, and that it was abrogated and set aside by mutual agreement of both parties to it; and which deposition also contained further testimony in

support of the other matters alleged in appellant's reply aforesaid.

The court, upon objection by respondent, refused to admit this deposition as evidence, whereupon appellant offered to prove the facts alleged in his reply by another witness, and such testimony was likewise excluded. It seems these rulings were based on the ground that appellant could not prove any fact in contravention of Cormier's interest in said property as shown by the records in the auditor's office, and on the ground that respondent's judgment became a lien upon such leasehold interest as disclosed by the records, regardless of what the actual claim or interest of said lessee was in said mortgaged premises at the time the lien attached. This was error. The lien of said judgment could only attach upon the actual interest of the judgment debtor in said lands, regardless of the fact that it appeared by the county records that he had a different or greater interest therein. We believe the authorities are practically unanimous in support of this proposition.

Consequently, the testimony offered by appellant in support of the matters alleged in his reply should have been admitted, and it follows that the judgment must be reversed, and the cause remanded for further proceedings.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.