# Long *v.* Mobile & Montgomery Railroad Co.

*Detinue for Goods, by Consignee against Common Carrier.*

*Common carrier's lien for freight, and liability for refusal to deliver goods.* — A common carrier has a lien on the goods transported by him, for the freight due for the whole route, and may retain the goods until the freight is paid; but the payment of the freight, and the delivery of the goods, are concomitant or concurrent acts; and if the consignee is ready and willing to pay the freight due, on having the goods delivered to him, and the carrier refuses to deliver them unless he will pay more than is due, the consignee may maintain detinue for the goods, or trover for their conversion, without making a formal tender, or paying the money into court.

APPEAL from the Criminal Court of Butler.

Tried before the Hon. W. H. CRENSHAW.

This action was brought by Isaac Long against the appellee, to recover four barrels of whiskey, which were shipped to the plaintiff from Baltimore, and transported by the defendant, as a common carrier, from Montgomery to Greenville; together with damages for their detention. The plaintiff demanded the goods of the defendant's agent at Greenville, and offered to pay the freight on them from Montgomery to Greenville; but the agent refused to deliver them without payment of the entire freight from Baltimore, which the plaintiff refused to pay, on the ground that the consignor had paid the freight from Baltimore to Montgomery. The case was submitted to the

[Long v. Mobile & Montgomery Railroad Company.]

decision of the judge, without a jury, and he rendered the following judgment: "It appearing to the court that, at the commencement of this action, the freight on the goods from Montgomery to Greenville, amounting to five dollars and a half, was due and unpaid by the plaintiff to the defendant, and that said amount, though tendered by plaintiff to defendant previous to the commencement of this suit, was not paid into court at the commencement of the action, and has not been paid since; it is therefore considered by the court, that the plaintiff is not entitled to recover," &c. The judgment of the court, to which a bill of exceptions was reserved by the plaintiff, is now assigned as error.

JUDGE & HOLTZCLAW, for appellant.

HERBERT & BUELL, contra.

BRICKELL, J. — As a general rule, a common carrier is entitled to a lien for freight upon the goods carried. This lien extends to all the freight upon the goods throughout their transportation, which may be advanced by the last carrier. Redfield on Carriers, 210. A delivery of the goods to the consignee, without exacting payment of the freight, is a waiver of the lien. Ib. 215. Therefore, the carrier may rightfully detain the goods until the payment of freight. In general, the consignor is *primâ facie* liable to the carrier for freight; but an agreement, express or implied, may render the consignee solely, or jointly with the consignors, liable for the freight. Redf. on Car. 211. The delivery of the goods by the carrier, and the payment of freight by the consignors or consignee, are concomitant acts, which neither party is obliged to perform, without the other being ready to perform the correlative act. Ang. Carriers, § 384. When the party to whom the goods are to be delivered offers to pay the freight really due, the refusal of the carrier to deliver them is a breach of his contract, for which an action of assumpsit will lie; and all that it is necessary for the consignee to prove, in support of the action, is his readiness to pay the freight, the demand of the goods, and the refusal of the carrier to deliver them. The general rule then obtains, applicable to contracts on concurrent considerations, or for the performance of concomitant acts, that the plaintiff, suing for the defendant's non-performance, is bound only to aver and prove his readiness to perform, and the defendant's refusal of performance on his part. *Adams* v. *Clark*, 9 Cush. 215. No formal tender of the freight really due is necessary, to put the carrier in default. The offer of performance by the consignee, accompanied with evidence of his readiness to per-

form, is all that is necessary. Ib. Redf. Carriers, 217. After the plaintiff offers to pay the freight really due, and shows his ability to pay, the detention of the goods is not only a breach of the carrier's contract, but a conversion, or wrongful detainer, authorizing the consignee to sue in trover or detinue, at his election. If he resorts to either of these actions, he is bound only to the measure of proof he must have made if he had sued in assumpsit for a breach of the contract. *Adams* v. *Clark*, *supra*.

The judge of the criminal court was of the opinion, and so ruled, that, although the plaintiff before suit brought had tendered the defendant the freight really due, and demanded the goods, he could not maintain this action, because he had not paid the money into court. This ruling is erroneous, and the judgment must be reversed, and the cause remanded.