[No. 2034. Decided January 14, 1896.]

## DE WIT JENKINS *et al.*, *Respondents*, v. THE COLUMBIA LAND AND IMPROVEMENT COMPANY, *Appellant.*

INJUNCTION — CUTTING OFF WATER SUPPLY — ASSIGNMENT BY CITY OF
 CONTRACT FOR SUPPLY — PARTIES — ERRORS NOT RAISED BELOW.

The cutting off of a water supply for an electric light plant, which the water company is bound under its franchise to furnish, may be enjoined, especially when there is no other supply of water available.

It will be presumed in aid of the jurisdiction to enjoin the cutting off of a water supply by a company having a franchise to supply water for the use of a city and its inhabitants, that no other company has such a franchise, even in the absence of an allegation to that effect.

A defect of parties plaintiff is not ground for reversal where there is nothing in the record to show that relief upon that ground was sought below.

The assignability of a contract for water supply between a water company and a city is not affected by reason of the fact that it had been agreed between the parties that the water rent should not be paid until the end of each month, as no relation of trust and confidence depriving the contract of its assignable character is involved in such a provision.

The obligation of a water company to furnish water supply at a stipulated price, for the electric light plant of a city, under a provision of its franchise, is not extinguished by the lease of such plant by the city.

(GORDON, J., dissents).

Appeal from Superior Court, Clarke County.—Hon. A. L. MILLER, Judge. Affirmed.

*N. H. Bloomfield,* for appellant:

Contracts involving personal credit, trust or confidence cannot be assigned. Clarke, Contracts, pp. 530, 531, and cases cited; *Arkansas Smelting Co. v. Belden Mining Co.,* 127 U. S. 379; *Delaware County v. Diebold Safe & Lock Co.,* 133 U. S. 473; *Burck v. Taylor,* 152 U. S. 634; *Boston Ice Co. v. Potter,* 123 Mass. 28 (25 Am. Rep. 9); *King v. Batterson,* 13 R. I. 117 (43 Am. Rep. 13); *Mudge v. Oliver,* 1 Allen, 74; *Orcutt v. Nelson,* 1 Gray, 536; *Winchester v. Howard,* 97 Mass. 303 (93 Am. Dec. 93); *Lansden v. McCarthy,* 45 Mo. 106.

· *Moody, Coovert & Stapleton,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.—The appellant is a corporation organized for the purpose of supplying the city of Vancouver and its inhabitants with water. At the time the ordinance, which granted the franchise under which it is operating, was passed, the city was the owner of a certain electric light plant, and said ordinance contained a condition requiring the appellant to furnish water for the electric light stations of the

city, at a price not exceeding $5 per month for each station.  Thereafter the city leased its electric light plant and the station connected therewith to the respondents, for three years, which term, at the option of the city, could be extended to five years.  After the respondents had taken possession of the plant and the electric light station connected therewith, the appellant demanded water rent for such station at the rate of $15 per month.  This amount the respondents refused to pay, whereupon the appellant threatened to cut the pipe which connected the electric light station with the water main, and deprive the respondents of the use of the water for such station until the $15 per month rent demanded should be paid.  To restrain this threatened action, respondents brought this suit.

The appellant demurred to the complaint, and upon such complaint and certain statements of fact agreed upon, in some degreee explaining it, the cause was submitted to the trial court, and a decree, substantially as prayed for, in favor of the plaintiffs, made and entered.

Appellant claims that such decree was erroneous, for two reasons: (1) that the plaintiffs had an adequate remedy at law, and for that reason could not ask the interposition of a court of equity; and, (2) that the conditions of the ordinance as to the amount to be charged for water for the electric light stations of the city, when accepted by the appellant, amounted to a contract between it and the city, and that such contract could not be assigned by the city without the consent of the appellant.

·  For the purposes of determining the first question, it must be assumed that the plaintiffs were entitled to have the pipe between the electric light station and

the water main retained, and to have the flow of water necessary for the uses of such station continued, and that the plant could not be operated without a supply of water. Where a right exists a court of equity will protect its enjoyment unless the remedy by an action for damages for its violation will be adequate. It is conceded by the appellant that an action for damages would not afford plaintiffs an adequate remedy, if there was no other source from which they could reasonably obtain a supply of water. But it is contended that, in the absence of an allegation of such fact, a court of equity had no jurisdiction. It appears, however, from the complaint and the agreed facts, that the appellant had a franchise under which it was its duty to supply water for the use of the city of Vancouver and its inhabitants, and it will not be presumed against the jurisdiction assumed by the trial court that any other company had such a franchise, and for that reason we think the jurisdiction should be determined as it would have been had there been an allegation to the effect that there was no other source from which a supply of water could be obtained. Besides, it having been the duty of the company under the franchise to supply the water, and it having the ability so to do, a court of equity would have jurisdiction to compel it to do its duty.

The case of *Young v. Boston,* 104 Mass. 95, though decided upon facts differing from those in the case at bar, in our opinion decided principles the application of which will sustain the jurisdiction assumed by the superior court.

Connected with the question of the assignability of the contract between appellant and the city was one as to the proper parties plaintiff. It is claimed that, if the lease to the plaintiffs should be so construed

that the plant and the stations connected therewith still belonged to the city, it, and not the plaintiffs, should have brought the action to prevent the violation of the terms of the contract. But appellant is not in a condition to derive any benefit from such claim. The demurrer was not for want of proper parties, and there is nothing to show that relief upon the ground of a defect of parties plaintiff was asked of the trial court. Hence, such defect, if it existed, can furnish no ground for a reversal of the decree. If the lease to the plaintiffs so dispossessed the city of the electric light plant and of its stations that they could no longer be said to belong to the city, the question as to the assignability of the contract would be decisive of the controversy between the parties. That contracts of this kind can usually be assigned where there is no relation of trust or confidence between the contracting parties, is not disputed by appellant; but it claims that, by reason of the fact that under the contract it had been agreed between the appellant and the city that the water rent should not be paid until the end of each month, there was a dependence by the appellant upon the responsibility of the city which involved such a relation of trust and confidence as took away from the contract its assignable character. In our opinion this agreement as to the water rent not being paid until the end of the month was not so connected with the terms of the contract under which the city had the right to have it supplied, that it in any manner affected the assignability of said contract. It was not made to appear that the plaintiffs relied upon this arrangement as to the time of payment and on that account refused to pay the water rent in advance.

It is not necessary to say more as to the assignability

of this contract.   The electric light plant and the station connected therewith were as much the property of the city after the lease was executed as they were before, and the water to be supplied was for an electric light station of the city after the execution of the lease the same as it was before; and no attempt having been made in the superior court to take advantage of the fact that the action should have been brought in the name of the city instead of that of the plaintiffs, and it not appearing that the appellant was deprived of any substantial right by reason of the action having been prosecuted in the name of the plaintiffs instead of that of the city, the fact — if it be a fact — that the city should have been the party plaintiff, furnishes no ground for the reversal of the decree.

There was a suggestion in the brief that the appellant offered to furnish the water for fifteen dollars a month, and that for that reason there was an adequate remedy for the violation of the contract by an action at law.   For the plaintiffs to avail themselves of the offer to furnish water at fifteen dollars a month and rely upon an action for damages to recover the difference between the rent per month demanded and that to which the appellant was entitled, would lead to such a multiplicity of suits that the remedy thus furnished would be in no sense an adequate one.

The facts disclosed by the record authorized the court to enter the decree appealed from, and it will be in all things affirmed.

DUNBAR, ANDERS and SCOTT, JJ., concur.

GORDON, J. (*dissenting*).—I feel constrained to dissent from the conclusion reached by the majority in the foregoing opinion.   The complaint in the action, after alleging that the defendant, a corporation, ob-

tained from the city of Vancouver a franchise to lay water pipes in and through its streets, also alleged that as a part of the consideration for said franchise said ordinance provided as follows:

" Sec. 3.    The said company its successors and assigns in consideration of said grant shall also during its continuance furnish water sufficient to supply the electric light stations of the city at a rate not to exceed five dollars per month for each station," etc.

And it was stipulated in the court below:

" That unless defendant [appellant] is bound to furnish to plaintiffs [respondents] water for $5 per month, then $15 is a reasonable price therefor."

In my opinion the interpretation to be given to that section of the ordinance above quoted is that the reduced rate of $5 per month was to apply only to electric light stations of the city, that is, plants owned and operated by the city as distinguished from light plants operated by private firms or corporations for a profit.    It seems to me that the city could not have been concerned in having water furnished to a particular party at a reduced rate, but it was contracting so as to keep down the cost and expense of its own business, which it was then conducting.

After the city leased its plant to the respondents the electric light stations were no longer " electric light stations of the city " within the meaning of those words as expressed in the ordinance.