[No. 2049. Decided February 10, 1896.]

ED. RAWSON, *Appellant*, v. F. M. ELLSWORTH, *Respondent*.

APPEAL — OBJECTIONS NOT RAISED BELOW — ADMISSION OF EVIDENCE — INSTRUCTIONS — HARMLESS ERROR — FORECLOSURE SALE OF CHATTELS — NOTICE.

Objections to the form of a verdict in replevin cannot be raised for the first time in the appellate court.

Appellant cannot object to the admission of immaterial evidence when it was admitted in rebuttal of the same character of evidence introduced by himself.

A charge to the jury that the statute requires that three copies of the notice of a foreclosure sale of chattels be posted in the *most* public places in the county — the statute simply requiring notice to be posted in three public places — is harmless error when there is no contention at the trial over that matter and the uncontradicted testimony shows they were regularly posted.

A sale of chattels upon foreclosure of mortgage thereon is invalid unless notice has been served upon one in possession of the chattels claiming as owner thereof.

Appeal from Superior Court, Whitman County.— Hon. E H. SULLIVAN, Judge.    Affirmed.

*Trimble & Pattison,* and *Frank H. Brown,* for appellant.

*Ellsworth, Kelley & Wyman,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action in replevin to obtain possession of certain sawmill machinery.  The first contention of the appellant is as to the form of the verdict.  Assuming, without deciding, that the verdict was wrong in form, the form of the verdict was not objected to or brought to the attention of the court below, and such objection will not be heard here for the first time.

It is also objected that the court erred in admitting certain testimony.  We have examined this record from beginning to end, and we are satisfied that no substantial error was committed in this respect.  There was some immaterial evidence admitted, but it was in answer to evidence of the same character offered in behalf of the plaintiff.  If such evidence was material, it was right that the defendant should be permitted to controvert it; if immaterial, it could have done no harm to controvert it.

So far as the instructions of the court are concerned,

we think they were right with the possible exception of the instruction on page 58 of the statement of facts, to the effect that the statute requires that three copies of the notice shall be posted in the most public places in the county.  This was not called to the attention of the court until two days after the trial and after the verdict had been rendered, and, even if it had been, the instruction was concerning a matter over which there was no contention, the appellant's witnesses having testified that the notices of sale were regularly posted, and there having been no contradiction of such testimony.  The appellant, in any event, based his title upon the foreclosure of a certain mortgage, which was alleged to have been foreclosed under the statute by the sheriff.  It conclusively appears that the notice of such sale required by the statute was not given to the defendant, who was then in possession, and under the testimony in this case it would have been impossible for the plaintiff to have prevailed.  In any event, we think no substantial error was committed by the court; that the jury was not misled by any instruction of the court, or by any refusal of the court to reject testimony, but that they arrived at their verdict by reason of the overwhelming weight of testimony in favor of the defendant's contention.  It is conceded, however, by the respondent that he was not entitled to the sum of damages awarded by the jury, viz., $14.40, but that notwithstanding no objection was raised to the verdict he offers to remit that amount.  The judgment will therefore be modified to the extent of deducting the said sum of $14.40 therefrom, and as so modified will be affirmed.  Respondents to recover costs both in this court and the court below.

HOYT, C. J., and ANDERS, GORDON and SCOTT, JJ., concur.