[No. 2318. Decided November 10, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. E. OWENS, *Appellant*.

APPEAL — ERRORS NOT URGED BELOW — MOTION FOR NEW TRIAL.

Errors not raised in the court below cannot be urged on appeal.

The denial of a motion for a new trial will not be disturbed on appeal, when the motion presented no questions not already passed upon by the court during the progress of the trial, and when no exceptions had been saved to errors committed by the court.

Appeal from Superior Court, Yakima County.— Hon. CARROLL B. GRAVES, Judge. Affirmed.

*H. J. Snively,* and *Fred Miller,* for appellant.

*Ira P. Englehart*, Prosecuting Attorney, and *F. H. Rudkin*, for The State.

The opinion of the court was delivered by

HOYT, C. J.—Appellant was tried upon an information charging him with assault with intent to commit murder. A verdict of guilty was returned and thereon, after a motion for a new trial had been denied, judgment and sentence was duly entered.

Four specifications of error are relied upon as grounds for reversal: (1) That the court erred in allowing the prosecuting attorney to cross-examine defendant's witnesses as to particular acts of bad conduct alleged to have been committed by the defendant; (2) for like error in permitting the prosecuting attorney to cross-examine the defendant as to like particular acts; (3) that the court erred in permitting two witnesses to testify in rebuttal as to particular acts of bad conduct on the part of the defendant; and (4) error in overruling the motion of the defendant for a new trial.

If the appellant was in a situation to derive any benefit from the action of the court as to the matters complained of, some important questions of law might be presented for our determination, but his treatment of the matter in the court below was such that he is not in a position to take any advantage of any of the allegations of error, unless it is the fourth. As to the first two, he made no objection to the admission of the testimony as to which he is now complaining. Not only did he fail to object to the questions asked his witnesses upon cross-examination, but upon their re-examination himself went fully into the subject matter as to which such witnesses had been cross-examined. As to the third assignment, the only

objection that was made to the testimony, the admission of which is claimed to have constituted reversible error, was that it was not proper in rebuttal. There was no suggestion made that the objection to such testimony was based upon the ground that it was not competent for the state to show specific acts of bad conduct upon the part of the defendant, and no such claim having been made in the court below, it cannot avail appellant here.

The motion for a new trial, the denial of which is the foundation for the fourth assignment of error, presented no questions not already passed upon by the court during the progress of the trial, and the defendant not having been in a position to avail himself of the errors, if any, which the court had committed, by reason of the fact that he had saved no exception thereto, the motion was properly denied.

The judgment and sentence will be affirmed.

ANDERS, SCOTT, DUNBAR and GORDON, JJ., concur.