[No. 2547. Decided April 25, 1898.]

## MORAN BROS. COMPANY, *Respondent*, v. NORTHERN PACIFIC RAILROAD COMPANY, *Appellant.*

APPEAL — OBJECTIONS NOT RAISED BELOW — CARRIERS OF GOODS — TENDER OF CHARGES — REPLEVIN.

An objection that the pleadings do not show that a tender was kept good cannot be raised for the first time on appeal.

Where the carrier demands a sum in excess of the sum due for freight charges, the consignee need not tender any sum before bringing suit to recover the goods.

If a carrier has negligently delayed delivery of goods, or otherwise subjected itself to liability for damages in respect to the property carried, equal to or greater than the amount of the freight, the consignee may maintain replevin without a tender, and the claim for freight and the claim for damages may be adjudicated in the replevin suit.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge. Affirmed.

*Crowley & Grosscup*, for appellant.

*Preston, Carr & Gilman*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Respondent commenced an action against appellant, claiming delivery of personal property of the value of $200, and also to recover the sum of $150 damages for detention of the same. The complaint alleged the incorporation of appellant and that appellant wrongfully and unlawfully detained the property from the possession of respondent, and that possession thereof had been demanded. A demand for judgment was made for the possession of the property and the sum of $150 damages. The answer denied that respondent was entitled to possession of the property or that appellant wrongfully detained the

same, and denied that respondent had been damaged by the detention, and as affirmative defense the answer stated that defendant was a common carrier of freight and passengers for hire, operating a line of railroad between St. Paul, Minnesota, and Seattle, Washington, and that it received the personal property described in the complaint of an eastern connecting carrier in the state of Minnesota; that appellant paid the connecting carrier in the usual course of business back freight charges in the sum of $57.40, and that appellant's charges for transporting the property from the Minnesota transfer to Seattle, Washington, were the regular and reasonable charges therefor, viz., the sum of $140.70; and appellant demanded the sum of $198.10 for so carrying such personal property, and claimed a lien thereon for the freight charges so earned, or the return of the property to its possession. Respondent, replying, admitted the carriage of its personal property as set up in the affirmative defense, denied that the value of the transportation thereof was any greater than $75, and alleged that prior to the commencement of the action respondent tendered to appellant the sum of $75. Upon these issues the case was tried by a jury, which returned a verdict that respondent was entitled to the possession of the property described in the complaint, and judgment was entered upon the verdict.

Two assignments of error are made; that the verdict is contrary to law, and that the court erred in entering judgment on the verdict. The record does not disclose that appellant urged the particular errors in the superior court relied on here. It has frequently been observed in this court that objections not going to the jurisdiction, in order to be available on appeal as a ground for reversal, must be presented and ruled upon by the trial court. *Rawson v. Ellsworth*, 13 Wash. 668 (43 Pac. 934); *Price v. Scott,*

13 Wash. 575 (43 Pac. 634); *Jenkins v. Columbia Land & Imp. Co.*, 13 Wash. 502 (43 Pac. 328); *State v. Owens*, 15 Wash. 468 (46 Pac. 1039); *Trust Co. v. Galliher*, 12 Wash. 507 (41 Pac. 887); *Weigle v. Cascade Ins. Co.*, 12 Wash. 449 (41 Pac. 53). That it was not stated the tender of $75 was kept standing would have been good ground for demurrer, perhaps, but no objection was made to it.

" Where there is a defect, imperfection, or omission in any pleading, whether in substance or form, which would have constituted a fatal objection on demurrer, yet if the issue joined is such as necessarily required on trial, proof of the fact so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would have directed the jury to give, or the jury would have rendered, the verdict found, such defect, imperfection, or omission is cured by the verdict." 28 Am. & Eng. Enc. Law, 417.

Where the sufficiency of a pleading is not questioned until after the verdict the same degree of strictness will not be applied as when questioned by demurrer, and a pleading will be good after verdict if it contains allegations from which every fact necessary to maintain the action or establish the defense may be fairly inferred. Though material facts are entirely omitted, yet if they are necessarily concomitants of the material facts alleged, so that in their findings the jury must have found the facts omitted, the defect is cured by verdict.

Where the carrier demands a sum in excess of the sum due for freight charges, the consignee need not tender any sum before bringing suit. *Adams v. Clark*, 9 Cush. 215 (57 Am. Dec. 41); *Isham v. Greenham*, 1 Handy, 357; 8 Am. & Eng. Enc. Law, 978.

If the carrier has negligently delayed delivery of goods or otherwise subjected itself to liability for damages in

respect to the property carried equal to or greater than the amount of the freight, the consignee may obtain replevin without a tender, and the claim for freight and the claim for damages may be adjudicated in the replevin suit. Cobbey, Replevin, § 515;  8 Am. & Eng. Enc. Law, 977.

The objections to the pleading should have been ruled upon by the superior court. The judgment is affirmed.

SCOTT, C. J., and DUNBAR and ANDERS, JJ., concur.

GORDON, J.—I concur in the result. Upon the pleadings in this case, I think the defendant would have been entitled to judgment. The reply admits that the sum of $75 was lawfully due defendant for freight charges upon the property replevied, and, until this was paid or legal tender was made, defendant was entitled to retain possession. But defendant did not see fit to avail itself of this defect in the pleadings, and the record contains no bill of exceptions, statement of facts, or motion for a new trial. Not a ruling of the trial court is assigned as error, nor does it appear that any objection to the pleadings or to the evidence was made at the trial. Under these circumstances, we are bound to presume, in support of the judgment of the superior court, that evidence without which it could not legally have been rendered was duly given at the trial. Error must be affirmatively shown, and defects or irregularities not affecting the jurisdiction cannot be raised for the first time in the appellate court.