[No. 4781.    Decided December 31, 1903.]

A. W. SPAULDING, *Respondent,* v. E. C. BURKE *et al.,* *Appellants.*[1]

MECHANICS' LIENS—SERVICES OF ARCHITECT—PARTNERSHIP WITH OWNER—LIENABLE AND NON-LIENABLE ITEMS.    Where one member of a firm of architects individually enters into a partnership arrangement with the owner of premises, whereby he acquires an interest in a building in consideration of plans and services as an architect in the construction thereof, and subsequently he withdraws from such arrangement in consideration of $1,500 to be paid by the owner, $900 of which he claims for his interest in the premises, and $600 for his services as architect, he can not claim a mechanics' lien against the building for the $900 agreed to be paid in release of his interest in the partnership.

SAME—APPLICATION OF PAYMENTS—ACCOUNTING WITH ASSOCIATES—RELEASE OF LIEN.    Where $1,000 is paid on such contract, and the architect accounts to his firm for the $600 due for architect's services, such accounting amounts to an application of the payment to the charge for architect's services, and he can not subsequently apply the payment in liquidation of the part of the contract not covering lienable items, nor enforce a mechanics' lien against the building for the balance due.

SAME—FORECLOSURE OF LIEN—PERSONAL JUDGMENT ON FAILURE OF LIEN.    In an action to foreclose a mechanics' lien in which the lien fails, personal judgment may be entered against a defendant personally liable for the claim, but without costs incident to the lien.

[1]Reported in 74 Pac. 829.

APPEAL—REVIEW—FINDINGS—GENERAL EXCEPTION. Where a finding that a contract was made by a husband and wife is not excepted to by the .wife otherwise than by a general exception to the judgment, the wife can not urge for the first time on appeal that there was no testimony connecting her with the contract.

PLEADING—COUNTER CLAIM—DAMAGES FOR BREACH OF CONTRACT—ESTOPPEL—PLEADING PAYMENT IN FULL. In an action upon a contract for architect's services, the defendant, by attempting to show a voluntary payment in full is estopped to claim damages for defective work under a counterclaim which fails to allege that the defects causing the damage arose after the payment and could not reasonably have been discovered prior to that time.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 22, 1903, upon findings in favor of the plaintiff, after a trial upon the merits before the court without a jury, foreclosing a mechanics' lien. Modified.

*Moore & Farrell,* for appellants Burke and wife.

*John P. Hartman,* for appellant Ackerson.

*Byers & Byers,* for respondent.

HADLEY, J.—The respondent brought this suit against appellants to foreclose an alleged lien upon certain real estate belonging to appellants Burke and wife. The claim of lien is based upon the alleged services of respondent as an architect in preparing plans and specifications for a building to be erected upon the said real estate, and in superintending the construction thereof as the architect in charge. A written agreement was entered into, signed by appellant E. C. Burke and respondent, whereby, in consideration of the sum of $1,500 to be paid by said Burke, the respondent agreed to furnish the necessary plans and specifications, and to look after the construction, of a twelve-apartment building. It is alleged that $1,000 and no more

has been paid, and foreclosure of a lien is demanded for the balance.

Appellant Ackerson answered separately, denying material allegations of the complaint, admitting that she claims a lien against the premises, denying that it is inferior to respondent's alleged lien, and alleging that it is a first lien. Appellants Burke and wife answered, admitting the claim of appellant Ackerson, and alleging, that at all times mentioned the respondent and one A. J. Russell were copartners, under the firm name of Spaulding-Russell Company; that appellant E. C. Burke entered into a written contract with respondent and said Russell as said firm; that it was agreed and understood that said firm should furnish the plans, specifications, and details, and should superintend the construction of said building, for the sum of $1,500; that, prior to the commencement of this action, the said sum was fully paid. The answer also sets up a claim for damages by way of counterclaim for alleged defective work.

A trial was had before the court without a jury, which resulted in a judgment in favor of respondent against appellants Burke and wife for the sum of $500 and interest, together with an attorney's fee of $150 and costs. The judgment was also declared to be a first lien upon the said real estate, and foreclosure of the lien was decreed. This appeal is from said judgment and decree.

The principal contention of appellants is that the contract for the services was with the firm of Spaulding-Russell Company, and that the services were rendered by that firm rather than by respondent individually. It is therefore urged that respondent cannot himself maintain this action, since he is not, as an individual, the party in interest. The original written contract purports to have been signed by respondent as an individual, and neither

the writing, nor the signature thereto, makes any reference
to the firm of Spaulding-Russell Company. Nevertheless,
the firm of Spaulding-Russell Company existed when the
written contract was signed, and the firm was engaged in
conducting the general business of architects. Certain ne-
gotiations were had between respondent and appellant E. C.
Burke, which involved, among other things, the services of
the former as an architect. Such negotiations began some
weeks before the formation of the partnership between
Spaulding and Russell, but the aforesaid written agree-
ment was made after the partnership came into existence.

Respondent testified that the original negotiations con-
templated a partnership arrangement between himself and
appellant E. C. Burke by which respondent was to share
in the ownership of the property when improved, and that
his services were to be considered as a contribution to this
arrangement. He further testified that, after acting for a
time under such an understanding, he desired to withdraw
from the partnership arrangement with Burke, and that it
was agreed that Burke should pay him $1,500 as a consid-
eration for his withdrawal from, and release of, his interest
in that arrangement, and also as further consideration for
his services in furnishing the plans and specifications, and
in superintending, as an architect, the construction of the
building which Burke proposed to erect; said building to
be of the same plan as originally contemplated under the
joint arrangement. The written contract was the consum-
mation of the last named arrangement. He also testified
that, immediately after the contract was made, he told
Russell, his partner in the architect business, that $600 of
the $1,500 covered by the contract, would go to the firm of
Spaulding-Russell Co., for the architect's services, and that
the balance of $900 would go to the respondent himself as
his compensation for the release of his interest in the joint

arrangement between himself and Burke. Russell denied that respondent made such a statement to him, and insisted that the entire proceeds of the written contract were intended to cover architect's services only, that the firm rendered the services, and that the whole sum belonged to it.

Accepting, however, the statement of respondent, by which he must be bound, it follows that he did turn over to the firm of Spaulding-Russell Company an interest in the contract with Burke to the extent of $600, which sum he says was to cover the architect work contemplated by the contract. Under the respondent's own statement, therefore, the architect firm became interested in the contract to the extent of the actual architect services, and the remainder belonged to him as his compensation for releasing his interest in his arrangement with appellant E. C. Burke. Respondent admits the payment of $1,000 upon the $1,500 contract, and says he has accounted to the firm of Spaulding-Russell Company for $600 which belonged to said firm for the architect services. This accounting, he said, was made by statements respectively between the Seattle and Tacoma offices of said firm, in which statements the $600 item was included.

Accepting the statement of respondent as true, it would thus appear that the claim for architect services has been paid. That claim was the only lienable item included in the contract between respondent and appellant E. C. Burke. As we have seen, the remaining $900 was of such a nature that no lien can be enforced therefor. It was simply founded upon a promise to pay that sum in consideration of a release of interest in a joint scheme for owning lots and improving them. No element of a lien exists in such a contract. $400 upon the remaining $900 has been paid, and respondent seeks to enforce a lien for the balance of $500.

Respondent contends that there was no agreement, when the $1,000 was paid, as to how it should be applied, and that he therefore has the right to apply the same to the liquidation of that portion of the contract amount not covering lienable items, which he claims discharges that amount, pays $100 on the lienable architect claim, and leaves $500 thereof subject to enforcement as a lien. Conceding that respondent had a right to apply the payments as he chose, it follows from what has already been said of his own testimony that he chose to, and did, apply $600 thereof to the payment of the architect claim. When he accounted to the firm for that $600 as paid, he thereby applied so much of the $1,000 to that purpose. We think it follows that no lien can be maintained for the balance.

The findings and conclusions of the court sustain respondent's theory that appellant E. C. Burke is personally liable for the remaining $500. We think, under the evidence, that the court did not err in that particular, and that personal judgment was properly entered in the action. § 5911, Bal. Code. The personal judgment is also against appellant Matilda Burke, the wife of E. C. Burke; and it is urged that the court erred in its finding numbered 2, wherein it was found that the aforesaid written contract was made by both E. C. Burke and wife, through E. C. Burke. It is urged that there was no evidence which connected Matilda Burke with the contract. The record discloses no exception to that finding. It is true, Matilda Burke did except generally to the decree, as did all the appellants, but it is not specified that her exception is specially directed to the personal judgment feature, and it does not appear that the court's attention was called to the matter now urged in her behalf. Without an exception to the finding upon which the personal judgment against her was founded, thus clearly challenging the

court's attention to the point, we do not think she should now be heard to raise it for the first time. *Moran Bros. Co. v. Northern Pac. R. Co.,* 19 Wash. 266, 53 Pac. 49, 1101.

It is assigned that the court erred in sustaining respondent's objection to the introduction of evidence in support of the averments in the way of counterclaim. We think the court did not err in that regard. Prior to the offer of this evidence, appellants had introduced evidence to the effect that payment in full of the contract amount had been made. The averments in the counterclaim did not state that the alleged defects causing the damages claimed arose after that payment was made, and that they could not reasonably have been discovered prior to that time. Having attempted to show full payment at a time when the damage, if any, existed, we think, under the counterclaim as pleaded, that appellants were thereafter estopped to urge damages in reduction of a contract amount which they also claimed to have voluntarily paid in full.

For the foregoing reasons we think the judgment should be modified in the following particulars, to wit: The decree of foreclosure should be vacated, and the personal judgment modified to the extent of excluding therefrom any amount for attorney's fees or costs incident to the preparation and filing of a lien notice. The cause is remanded with instructions to the lower court to proceed in accordance herewith.

FULLERTON, C. J., and ANDERS, MOUNT, and DUNBAR, JJ., concur.