[No. 6252. Decided November 15, 1906.]

B. E. GATES, *Respondent*, v. DANIEL BEKINS, *doing business as the Bekins Moving & Storage Company, Appellant.*[1]

CONVERSION—DAMAGES—OUTRAGED FEELINGS. In an action for the conversion of goods, damages by reason of the outraging of feelings cannot be recovered.

CARRIERS—OF GOODS—RECOVERY OF GOODS—TENDER OF CHARGES. Where a carrier charges an excessive amount and refuses to deliver the goods until such charge is paid, the owner may maintain an action for conversion without first tendering the proper charge that was due for carriage.

CONVERSION—DAMAGES—TRIAL—INSTRUCTIONS. In an action for the conversion of goods and alleged damage to business by reason of the detention, it is reversible error to instruct the jury that they may bring in a verdict for damages in excess of the value of the property when there was no evidence of any other damages.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 31, 1906, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in an action for the conversion of household goods. Reversed.

*Craven & Totten,* for appellant, upon the point that it was necessary for the consignee to tender the freight charges, cited: *Ohio etc. R. Co. v. Noe,* 77 Ill. 513; *Eveleth v. Blossom,* 54 Me. 447, 92 Am. Dec. 555; 5 Am. & Eng. Ency. Law (2d ed.), 414; *Loewenberg v. Arkansas etc. R. Co.,* 56 Ark. 439, 19 S. W. 1051; Hutchinson, Carriers (2d ed.), §§ 447a, 492; *Monteith v. Great Western Printing Co.,* 16 Mo. App. 450; Van Zile, Bailments and Carriers, §560; Cobbey, Replevin, §§ 514, 516; *Hall v. Tittabawssee Boom Co.,* 51 Mich. 377, 408, 16 N. W. 770; *Moynahan v. Moore,* 9 Mich. 9, 77 Am. Dec. 468; *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389; Schouler, Bailments and Carriers,

[1]Reported in 87 Pac. 505.

p. 560, note 2; *Tiffany v. St. John*, 65 N. Y. 314, 22
Am. Rep. 612; *Long v. Mobile etc. R. Co.*, 51 Ala. 512;
*Scarfe v. Morgan*, 4 M. & W. 270.

*Sweeney & Steiner*, for respondent.

DUNBAR, J.—This was an action for the conversion of
household goods of the alleged value of $121, brought by re-
spondent against appellant, the appellant defending upon
the ground that the alleged conversion was simply a rightful
detention of the goods under a lien belonging to him by
virtue of an express contract, and also by virtue of the fact
that he was a common carrier, to secure the payment of
$20.75 due for carriage charges on the goods, and other
goods carried at the same time. Appellant was engaged in the
business of moving and storing goods in the city of Seattle.

The complaint, among other things, alleges, that the
plaintiff has demanded of defendant that he deliver the re-
mainder of said household goods as per agreement, which de-
fendant has refused and still refuses to do; that the plaintiff
is ready, and at all times has been ready, to pay any and all
bills presented to him for such services as per his contract
with the defendant, and has so informed the defendant; that
in addition to the value of the household goods appropriated
by the defendant to his own use and benefit, plaintiff has been
damaged in his business in the sum of $1,000, and that his
feelings have been outraged. We may say here that this is
a straight business transaction in which the outraging of
feelings necessarily cannot be involved. The case was tried
by a jury, and the verdict was rendered in favor of the plaint-
iff, the respondent here, for $621. Appellant's motion for a
new trial was denied, upon condition that the respondent re-
mit $270.75 from the judgment, which said reduction was
accepted by respondent. Judgment was then rendered for
$330.25, from which judgment this appeal is taken.

The first contention in this case is that the court erred in instructing the jury as follows:

"If on the contrary you find that the agreement was that he should hold a portion of the goods until the charges for the carriage on them should have been paid, then the plaintiff would not be entitled to recover unless you find that the defendant demanded excessive charges—more than he was entitled to under the contract. I instruct you in that respect that if a common carrier of goods demands a sum in excess of the amount due him for freight charges, the assignee or owner of the goods may maintain an action of this kind against him without making a tender of any part of the amount:"

the contention of the appellant being that it was necessary, as a prerequisite to the commencing of this action, that the respondent should have tendered the amount due for the carriage of the goods.

Upon this subject of tender there is a conflict of authority. Some courts holding that it is necessary for the consignee to tender the amount which he considers right for the carriage of the goods before he can legally commence an action for recovery; others, that a tender is not necessary, especially where there is a controversy as to the amount of freight which is due the carrier, and where the carrier has declined to take less than the charges which he has presented, or where, by his actions and claims, it is manifest that it would be useless for the consignee to tender any amount less than that which was claimed by the carrier. This court held in *Moran Bros. Co. v. Northern Pac. R. Co.*, 19 Wash. 266, 53 Pac. 49, 1101, that, "Where the carrier demands a sum in excess of the sum due for freight charges, the consignee need not tender any sum before bringing suit."

This decision is criticised by the appellant for the reason that the statement of law announced in that case was not necessary to the decision on the issues involved, and there is some merit in this criticism. To sustain that doctrine we cited, *Adams v. Clark*, 9 Cush. 215, 57 Am. Dec. 41;

*Isham v. Greenham*, 1 Handy (Ohio Sup. Ct.) 357. It is also contended by the appellant that *Adams v. Clark* does not sustain the law as announced by the court. But an examination of that case convinces us that, while there were some other features in the case which were incidentally passed upon by the court, the law on this question was announced to the effect that tender is not necessary. The court in passing upon the question at issue said:

"If the defendants illegally withheld the goods from the plaintiff he might have brought an action of assumpsit against them, as well as this action of trover. And, in that action, all that it would have been necessary for him to aver and prove would have been his readiness to pay the freight, upon delivery of the goods. . . . And we are of opinion that all which it was necessary for the plaintiff to prove, in order to maintain this action, was his readiness to pay freight on the goods, upon their being delivered to him, and the defendants' refusal to deliver them unless something more should be first paid."

In *Isham v. Greenham, supra*, it was held that the duties of the carrier and consignee are correlative; the one to deliver, and the other to pay the freight being mutual acts. In that case the court said:

"On general principles, whenever the act of one party to whom another is bound to tender money, services, or goods, indicates clearly that the tender, if made, would not be accepted, the other party is excused from the technical performance of his agreement. The law never requires a vain thing to be done. . . . It would have been useless, then, for the plaintiff to have tendered the amount due as freight when he had already been told that it would not be accepted. The claim asserted by the defendant was illegal, and having refused to deliver the cargo, unless that claim was paid, the plaintiff had nothing to do but to regard the carrier's acts as unlawful, and hold him responsible for the value of the property in tort."

The case at bar presents this identical state of facts. A controversy arose between the appellant and the respondent

as to the amount which was due the appellant under the contract for the carriage of the goods. There was no refusal on the part of the respondent to pay what he deemed was the proper amount for the service rendered. A greater amount was claimed by the appellant, and the goods were withheld from the possession of the respondent until that greater amount was paid, and it would have been useless, as shown by the undisputed testimony in this case, for the respondent to have tendered any less amount than that which was claimed by the appellant, so that the respondent had a right to bring this action and submit this question, together with the other disputed questions in the case, to the court.

In *Long v. Mobile etc. R. Co.*, 51 Ala. 512, a case cited by the appellant, it seems to us the proper rule is laid down: namely, that the payment of the freight, and the delivery of the goods, are concomitant or concurrent acts; and if the consignee is ready and willing to pay the freight due, on having the goods delivered to him, and the carrier refuses to deliver them unless he will pay more than is due, the consignee may maintain detinue for the goods, or trover for their conversion, without making a formal tender or paying the money into court, the amount of freight actually due to be adjudicated by the court.

The court in this case, however, instructed the jury as follows:

"If you find in addition that the defendant has been otherwise damaged by reason of the taking and detention of these goods directly, then you should award him that amount. Your verdict for the goods alleged to have been taken must not exceed one hundred and twenty-one dollars and for the remainder must not exceed one thousand dollars; in arriving at a verdict you are to find a verdict in one lump sum."

The giving of this instruction was error, for the reason that there was not a scintilla of testimony offered showing any damage whatever to the business of the respondent, nor was there any attempt on the part of the respondent to make

any other proof whatever than the value of the goods detained by the appellant. And that it was prejudicial is plainly shown by the verdict of the jury in returning a larger verdict than the alleged value of the goods detained: and on account of this error, it becomes necessary to reverse this cause, for the reason that this court cannot determine what conclusion the jury came to concerning the value of the goods detained, as the proof as to their value was conflicting, and it is not ascertainable whether the jury, if it had been proper to exclude all damages excepting the value of the goods detained, would have found that the goods were worth the sum of $121.

For this reason the judgment will have to be reversed and the cause remanded with instructions to grant a new trial.

MOUNT, C. J., CROW, RUDKIN, FULLERTON, HADLEY, and ROOT, JJ., concur.