[No. 3060. Decided June 30, 1899]

JOSEPH B. DAWSON, *as Receiver, Appellant,* v. MORRIS McCARTY *et al., Defendants,* SCHOOL DISTRICT No. 1 OF WHATCOM COUNTY, *Respondent.*

DISMISSAL OF APPEAL—IRREGULARITIES IN BOND—OMISSION OF REVENUE STAMP.

An appeal will not be dismissed because no revenue stamp is attached to the certificate of qualifications of the sureties to the bond, since by United States War Revenue Law 1898, schedule A, § 25, bonds used in legal proceedings are exempted from its operation.

MORTGAGES—FAILURE TO RECORD—PRIORITY OVER SUBSEQUENT JUDGMENT.

An unrecorded mortgage is entitled to priority over a subsequent judgment, since a judgment creditor is not a *bona fide* purchaser within the meaning of Bal. Code, § 4535, which declares mortgages valid, as against *bona fide* purchasers from the date of their filing for record.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge. Reversed.

*Stratton & Powell,* for appellant.

*John R. Crites,* for respondent:

The appellant invokes the rule that a purchaser of lands whose deed is not recorded takes precedence over the lien of a judgment. The authorities are not uniform on that subject. The following are some holding to the contrary: *Guiteau v. Wisely,* 47 Ill. 433; *Columbus Buggy Co. v. Graves,* 108 Ill. 462; *Martin v. Dryden,* 1 Gilm. 217. The tendency of late decisions is to prefer judgment liens to unrecorded mortgages. We think justly, especially where judgment creditor had no notice of it when judgment was docketed. Freeman, Judgments (3d ed.), § 366; *Grace v. Wade,* 45 Tex. 523; *Cavanaugh v. Peterson,*

47 Tex. 198; *Mainwarring v. Templeman,* 51 Tex. 205; *Firebaugh v. Ward,* 51 Tex. 409; *Eidson v. Huff,* 29 Grat. 338; *Anderson v. Nagle,* 12 W. Va. 98; *Andrews v. Mathews,* 59 Ga. 466; *Young v. Devries,* 31 Grat. 304; *Smith v. Savage,* 43 Pac. 847.

The opinion of the court was delivered by

REAVIS, J.—Appellant brought suit to foreclose a mortgage on certain lands in Whatcom county. The mortgage was executed by the defendants Morris McCarty and wife to the Columbia National Bank of New Whatcom, of which the appellant is receiver. Respondent (defendant) School District No. 1 of Whatcom county, has a judgment against defendants McCarty and wife, which is a lien upon the mortgaged premises. On the 16th of September, 1893, the bank was in the custody of a receiver appointed by the comptroller of the currency. At that time the defendant Morris McCarty was indebted to the bank in the sum of $25,490.08, exclusive of interest. The indebtedness was in the form of promissory notes and overdrafts made prior to June 23, 1893. The greater portion of the indebtedness was due September 18, 1893. On the 16th of September, 1893, the defendants McCarty and wife, for the purpose of securing the payment on October 1, 1894, of all said indebtedness, executed their mortgage upon the real estate in controversy. The mortgage specifically extended the time of payment of all indebtedness to October 1, 1894. On the day of its execution the mortgage was delivered to the attorney of the receiver, to be held by him in escrow until it could be submitted to, and the terms approved by, the comptroller of the currency, and thereupon be delivered to the receiver of the bank. On the 27th of September, 1893, the comptroller of the currency duly authorized and approved the acceptance of the mortgage by the receiver, and the mortgage was thereafter

delivered by the attorney to the receiver about the 5th of January, 1894. The mortgage was not filed for record until March 8, 1894. On the 2d of August, 1892, the defendant school district instituted an action in the superior court against defendant Morris McCarty, and on the 6th day of February, 1894, recovered judgment against him for the sum of $1,831.39, exclusive of interest. At the time of the entry of the judgment the school district had no notice of the existence of appellant's mortgage. By a mistake a portion of the property covered by the mortgage was incorrectly described as the west half of a certain quarter section, when it should have been described as the east half of the same quarter section. The superior court corrected this error and reformed the mortgage. That court also adjudged the mortgage inferior to the judgment lien of the school district. To this portion of the decree the plaintiff (appellant) excepted.

1. Respondent moves to dismiss the appeal on the ground that no proper notice of appeal was given or served and that no valid bond has been given or filed in the cause, because no revenue stamp is attached to the certificate of the qualification of the sureties to the bond. The notice of appeal is clear, and conveyed fully to the adverse parties the fact of the appeal. And the objection to the bond is not well taken. The certificate to the qualification of the sureties is part of the proper execution of the bond on appeal. The federal revenue law exempts bonds used in legal proceedings. Section 25, Schedule A, War Revenue Law of 1898. And again, it is elementary constitutional law that the federal government cannot impose any burden upon procedure in state courts. *The Collector v. Day,* 11 Wall. 113; Cooley, Taxation, pp. 82-86, and authorities cited.

2. The controversy upon the merits is, which is the prior lien, the mortgage or judgment? At common law

the uniform rule seems to have been that a prior un-
recorded deed or mortgage conveyed good title as against
a subsequent judgment.   The rule is thus stated in 2
Freeman on Judgments, § 366:

" Wherever, under the law, a deed or mortgage is valid
without being recorded, a subsequently attaching judg-
ment lien against the grantor or mortgagor will not be of
any benefit to the lien-holder as against the deed or mort-
gage.   Under the principle already referred to, that the
lien of a judgment attaches to the debtor's real rather than
to his apparent interest, such lien is subordinate to any
unrecorded conveyance or encumbrance executed prior to
the rendition of the judgment, unless the statutes of the
state give to judgment creditors the same protection
against unrecorded instruments which they give to *bona
fide* purchasers without notice."

Mr. Pomeroy, in his work on Equity Jurisprudence,
§ 721, under the caption, "Prior Unrecorded Mortgage
Superior to Subsequent Docketed Judgment," observes:

" The most important question under this head which
has come before the American courts relates to the re-
spective claims arising from a prior specific and a subse-
quent general lien.   The doctrine is certainly established
as part of the equity jurisprudence, and rests upon the
solid basis of principle, that prior equitable interests
*in rem,* including equitable liens upon specific parcels of
land, have priority of right over the general statutory lien
of subsequent docketed judgments, although the latter is
legal in its nature.   Judgment creditors are not 'pur-
chasers' within the meaning of the recording acts, and
unless expressly put upon the same footing, they do not
obtain the benefit which a subsequent purchaser does by a
prior record.   The equitable doctrine is, that a judgment
and the legal lien of its docket binds only the actual inter-
est of the judgment debtor, and is subject to all existing
equities which are valid as against such debtor."

Mr. Pomeroy also further says, in § 722, that:

"A very different rule prevails in many states, in which
it is settled that the lien of a subsequent docketed judg-

ment prevails over that of a prior unrecorded mortgage or other prior equitable interest or lien not recorded, of which the judgment creditor had no notice at the time of recovering and docketing his judgment. This result is reached, in some of the states, from express provisions of the statutes; in others, from what was deemed to be the necessary interpretation of the statutory language; and in a few, as it would seem, from an intentional rejection of the equitable doctrine which lies at the basis of the whole subject."

Our statute is as follows:

"All deeds, mortgages, and assignments of mortgages, shall be recorded in the office of the county auditor of the county where the land is situated, and shall be valid as against *bona fide* purchasers from the date of their filing for record in said office; and when so filed shall be notice to all the world." Bal. Code, § 4535.

From an examination of the authorities submitted by counsel for respondent it would seem that, in the states of Illinois, Texas, West Virginia, Alabama, South Carolina and Georgia, the recording statute extends the protection to subsequent creditors. The decided weight of authority seems to be that the term *"bona fide* purchasers" in the recording act does not include a judgment creditor. 20 Am. & Eng. Enc. Law, 577; *Seevers v. Delashmutt,* 11 Iowa, 174 (77 Am. Dec. 139); *Vaughn v. Schmalsle,* 10 Mont. 186 (25 Pac. 102); *Plant v. Smythe,* 45 Cal. 161; *Shirk v. Thomas,* 121 Ind. 147 (22 N. E. 976, 16 Am. St. Rep. 381); Webb, Record of Title, § 192; *Davis v. Owenby,* 14 Mo. 170 (55 Am. Dec. 105); *Holden v. Garrett,* 23 Kan. 98.

It appears that it is immaterial whether the mortgagee is strictly a *bona fide* purchaser, within the meaning of the statute. The question is whether the judgment creditor is a *bona fide* purchaser, and thus within the protection of the statute. *Greenleaf v. Edes,* 2 Minn. 265;

*Martin v. Nixon,* 92 Mo. 26 (4 S. W. 503); *Rodgers' Lessee v. Gibson,* 4 Yeates, 111.

The lien of the judgment, as already observed, binds only the interest that the judgment debtor actually has in the real estate. Laws 1893, p. 65, § 1; *Voorhies v. Hennessy,* 7 Wash. 243 (34 Pac. 931); *Book v. Willey,* 8 Wash. 267 (35 Pac. 1098).

The case of *Goetzinger v. Rosenfeld,* 16 Wash. 393 (47 Pac. 882), has been relied upon by counsel for respondent to sustain the priority of its judgment lien. But a careful consideration of that case shows that the precise question involved here was not raised or discussed there. In that case the judgment was rendered and the mortgage executed on the same day, and both were entered of record on the same day; and the court declined to inquire by oral testimony into the fraction of a day, to determine whether the judgment or the mortgage was first filed of record, and merely left them upon the record as it appeared on the face thereof.

The judgment must be reversed, with direction to adjudge the lien of the mortgage prior to that of the judgment.

GORDON, C. J., and ANDERS and FULLERTON, JJ., concur.