[No. 147-3.    Division Three.    April 22, 1971.]

A.A.C. CORPORATION, *Appellant,* v. ROBERT H. REED *et al., Defendants,* RICHARD J. RUSH *et al., Respondents.*

*K. Edison Gimple,* for appellant.

*James O. Neal,* for respondents.

GREEN, J.—Plaintiff, A.A.C. Corporation, brought this action to foreclose a labor and material lien against property owned by defendants, Richard and Thelma M. Rush. Plaintiff appeals from a summary judgment for defendants.

The Supreme Court previously considered this case on a different point. *A.A.C. Corp. v. Reed,* 73 Wn.2d 612, 440 P.2d 465 (1968). On the prior appeal, the court reversed a summary judgment of dismissal grounded upon a claim plaintiff's action was not timely filed and remanded for further proceedings. In the opinion, the facts were succinctly stated as follows:

> The facts are not in dispute. In 1962, Aluminum Construction, Inc., furnished labor and material for a building on the land involved at the request of Charles H. Baker, who was then in possession of the land by virtue of a purchaser's assignment of a real estate contract.

> February 23, 1962, Mr. Baker and his wife executed and delivered their promissory note for $3,218.88 to Aluminum Construction, Inc., payable in 84 installments of $38.32 per month; the first installment being due April 15, 1962. The last installment would become due April 15, 1969. . . .
> . . .
> March 5, 1962, a notice of claim of lien was recorded in the auditor's office. The claim of lien recites that the value of the labor performed and materials furnished was $2,028, and that credit was given for 84 months in accordance with the promissory note, the terms of which were set forth in the notice.

> The promissory note was transferred and the lien assigned to plaintiff, the Aluminum Acceptance Corporation, now A.A.C. Corporation.

> In oral argument, counsel stated that on July 10, 1962, the Bakers quitclaimed the property to defendants, Richard J. Rush and wife.

> Counsel stipulated that the last payment made on the

promissory note was May 4, 1964, and that the note has been in default since 10 days after June 15, 1964. The record does not disclose who paid the monthly payments between April 15, 1962 and May 4, 1964.

June 29, 1965, more than a year after default, plaintiff commenced this action to foreclose the lien to satisfy the balance due on the note together with interest from May 15, 1964, reasonable attorney's fees, and costs of suit.

The record on this appeal does not disclose a variation from the above-recited facts.

Following remand, defendants filed an amended answer to the original complaint pleading for the first time the defense of usury. This amendment was allowed nunc pro tunc approximately 7 months after it was served and filed. The trial court granted defendants' second motion for summary judgment concluding defendants Rush were in privity with the Bakers and thereby entitled to claim the defense of usury; the transaction was usurious; the penalties provided by RCW 19.52.030 exceeded the balance owing on the note, thus extinguishing the debt and canceling the lien. We find the trial court committed error in reaching these conclusions.

A lien for labor and materials is authorized by RCW 60.04.010, providing in part:

> Every person performing labor upon, furnishing material, . . . to be used in the construction, alteration or repair of any . . . building . . . has a lien upon the same for the labor performed, material furnished, . . .

The contract price of the labor performed and materials furnished was $2,028. There is nothing usurious in this portion of the transaction.

The issue of usury arises by reason of the note given by Bakers to plaintiff's assignor. When defendants bought the real property from Bakers, they did not assume or agree to pay the note. Defendants, not having assumed the note, are not liable for it. It remained the obligation of Bakers. As a result, no privity existed between defendants and Bakers on the note. Assuming the note was usurious, it

is well recognized usury is a personal defense available only to the original debtor or borrower and those in privity with him. *Palmer v. Stevens-Norton, Inc.,* 75 Wn.2d 155, 449 P.2d 689 (1969).

A labor and materialmen's lien is a creature of statute based upon the contract price of the labor and materials furnished to the property. Since the lien was recorded, defendants had constructive notice of its existence; they took the real property encumbered by the lien. Therefore, although plaintiff's complaint seeks to foreclose the lien for the full amount of the note, it is only entitled to foreclose to the extent of the contract price of the labor and materials—$2,028. RCW 60.04.010; *Willett v. Davis,* 30 Wn.2d 622, 193 P.2d 321 (1948); *Lund v. Bruflat,* 159 Wash. 89, 292 P. 112 (1930); *Chavelle v. Island Gun Club,* 77 Wash. 304, 137 P. 511 (1914); *Crowe & Co. v. Adkinson Constr. Co.,* 67 Wash. 420, 121 P. 841 (1912); *Spaulding v. Burke,* 33 Wash. 679, 74 P. 829 (1903). The record in this case does not support the application of the rules stated in *Knibb v. Mortensen,* 89 Wash. 595, 154 P. 1109 (1916), and *Radley v. Raymond,* 34 Wn.2d 475, 209 P.2d 305 (1949) cited in defendant's brief.

The complaint shows certain payments were made to plaintiff on the original obligation. The full amount of these payments should be determined in further proceedings limited to this issue. Each of such payments shall be applied to reduce the lien of $2,028 by crediting each payment first to interest and then to principal. Interest shall be computed at the legal rate upon the declining balances, commencing with the date of filing the notice of lien. *Brower Co. v. Noise Control of Seattle, Inc.,* 66 Wn.2d 204, 209, 401 P.2d 860 (1965); *United States Fidelity & Guar. Co. v. E. I. Dupont De Nemours & Co.,* 197 Wash. 569, 581, 85 P.2d 1085 (1939). Accordingly, the judgment is reversed and this case remanded for the purpose of entering judgment of foreclosure in accordance with this opinion.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied May 3, 1971.