[No. 5529-5-II.   Division Two.   November 17, 1983.]

ABERDEEN FEDERAL SAVINGS AND LOAN ASSOCIATION,
*Appellant,* v. EMPIRE MANUFACTURED HOMES,
INC., ET AL, *Respondents.*

*Jack L. Burtch,* for appellant.

*Thomas A. Brown,* for respondents.

WORSWICK, J.—Is a judgment lien superior to the lien of
a prior unrecorded mortgage? It is not, because a judgment
creditor acquires no rights greater than those of the judg-
ment debtor. We reverse a summary judgment establishing
superior lien rights in favor of a judgment creditor and
direct summary judgment in favor of the prior mortgagee.

This is an action by Aberdeen Federal Savings and Loan
Association against Boise Cascade Corporation and others
to foreclose a mortgage. The priority of the mortgage as
against a judgment lien is at issue. The following facts and
chronology are undisputed:

| | |
|---|---|
| June 27, 1975 | Empire Capital Ltd. (ECL) signed a mortgage to Aberdeen Federal on the land, securing a promissory note for $23,000. |
| July 10, 1975 | Mortgage of June 27, 1975 from ECL to Aberdeen Federal recorded. |
| August 1, 1975 | Quitclaim deed from ECL to Empire Manufactured Homes (EMH) record–ed. |
| June 25, 1976 | Note of June 27, 1975 from ECL to Aberdeen Federal became delinquent. |
| July 8, 1976 | EMH signed a quitclaim deed for the property to Mike Banks. The quit-claim deed was not recorded. |
| August 26, 1976 | Banks signed a promissory note and mortgage on the property to Aber-deen Federal. |
| August 26, 1976 | Aberdeen Federal signed a release of the June 27, 1975 mortgage from ECL. The release was not recorded nor delivered. |
| September 16, 1976 | Aberdeen Federal stamped the origi-nal note and mortgage of June 26, 1975 and June 27, 1975: "RELEASED OUR MORTGAGE PAID IN FULL DATED 9–16–76 ABERDEEN SAVINGS & LOAN ASSN. ABERDEEN, WASH. by _____." The note and mortgage were not returned to the promisor–mortgagor. |
| November 24, 1976 | Judgment entered against EMH and ECL in favor of Boise Cascade. |
| August 25, 1977 | Quitclaim deed of July 8, 1976 from EMH to Banks recorded. |
| August 25, 1977 | Mortgage of August 26, 1976 from Banks to Aberdeen Federal recorded. |
| April 21, 1978 | Aberdeen Federal commenced this action. |

Both Aberdeen Federal and Boise Cascade moved for summary judgment. The trial court granted Boise Cascade's motion declaring Aberdeen Federal's mortgage subordinate to Boise Cascade's judgment lien.

Boise Cascade's position simply is that, under the present recording statute, RCW 65.08.070,[1] a judgment creditor is entitled to rely on—and correspondingly has priority based on—record title at the time the judgment lien becomes effective.[2] Both parties seem to see the issue as only involving priorities between the unrecorded Banks–Aberdeen Federal mortgage and the judgment lien. This is adequate for our purposes although the facts are not that simple.[3]

*Dawson v. McCarty*, 21 Wash. 314, 57 P. 816 (1899) is flatly contrary to Boise Cascade's position. Boise Cascade argues, however, that *Dawson* is no longer good law because it was decided under the former "notice" recording statute,[4] rather than under the present "race–notice" stat-

---

[1]RCW 65.08.070 provides:

"Real property conveyances to be recorded. A conveyance of real property, when acknowledged by the person executing the same (the acknowledgment being certified as required by law), may be recorded in the office of the recording officer of the county where the property is situated. Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor, his heirs or devisees, of the same real property or any portion thereof whose conveyance is first duly recorded. An instrument is deemed recorded the minute it is filed for record."

[2]At the time the judgment is entered, as to property in the county where the court granting it is situated. *Mahalko v. Arctic Trading Co.*, 99 Wn.2d 30, 659 P.2d 502 (1983).

[3]EMH had quitclaimed its interest to Banks before Boise Cascade took judgment. Therefore, if the deed was effective, EMH had no interest to which the judgment lien could attach. We perceive no difference in principle between a valid but unrecorded deed and a valid but unrecorded mortgage insofar as priority over subsequent judgment liens is concerned.

[4]"All deeds, mortgages, and assignments of mortgages, shall be recorded in the office of the county auditor of the county where the land is situated, and shall be valid as against bona fide purchasers from the date of their filing for record in said office; and when so filed shall be notice to all the world." Ball. Code § 4535.

ute, RCW 65.08.070, citing *Freeborn v. Seattle Trust & Sav. Bank,* 94 Wn.2d 336, 617 P.2d 424 (1980); *Cunningham v. Norwegian Lutheran Church of Am.,* 28 Wn.2d 953, 184 P.2d 834 (1947); *Bremerton Creamery & Produce Co. v. Elliott,* 184 Wash. 80, 50 P.2d 48 (1935); and *Valentine v. Portland Timber & Land Holding Co.,* 15 Wn. App. 124, 547 P.2d 912 (1976). We disagree.

■ RCW 65.08.070 protects purchasers and mortgagees in good faith and for valuable consideration against unrecorded conveyances. A judgment creditor, however, is not a purchaser within the meaning of the recording act. *Dawson v. McCarty, supra. See deMers v. Oxford,* 28 Wn. App. 770, 626 P.2d 518 (1981); *Northern Comm'l Co. v. E.J. Hermann Co.,* 22 Wn. App. 963, 593 P.2d 1332 (1979). The reason for the *Dawson* rule is that the judgment creditor parts with no consideration on account of his "purchase" and consequently takes only the interest of his debtor. *Lee v. Wrixon,* 37 Wash. 47, 79 P. 489 (1905). As a practical matter, a judgment creditor does not rely on the record title. There is no policy reason to extend to such a creditor the protection of the recording act. Consequently, the mortgage from Banks to Aberdeen Federal is valid as to Boise Cascade, even though unrecorded at the time Boise Cascade obtained its judgment.

We are not persuaded by Boise Cascade's argument that changes in the recording statute obviated the *Dawson* rule. RCW 65.08.070 did not add judgment creditors to the list of beneficiaries of the recording act. A judgment creditor is obviously not a mortgagee and nothing in RCW 65.08.070 suggests that a judgment creditor is to be considered a purchaser for purposes of the revised statute.

Neither do the cases cited by Boise Cascade hold that a judgment creditor is a purchaser or mortgagee within the meaning of the recording act. In *Freeborn v. Seattle Trust & Sav. Bank, supra,* a bank loaned money to the Freeborns, secured by an assignment of their vendors' interest in a real estate contract. The issue was whether the bank, as assignee, had priority over subsequent lien creditors if

the assignment was recorded under RCW 65.08.070 but not filed under the Uniform Commercial Code, RCW 62A.9–101 *et seq.* The Supreme Court held the bank did not have priority. The court did not hold that a judgment lien has priority over a prior unrecorded mortgage.

Boise Cascade relies on the following from *Cunningham v. Norwegian Lutheran Church of Am.*, 28 Wn.2d at 956 (quoting from *Bremerton Creamery & Produce Co. v. Elliott, supra*), to support its contention that judgment creditors are "purchasers" within the meaning of the recording act:

> "Sections 10596–1 and 10596–2 . . . enacted in 1927, undoubtedly indicate a legislative intention to make the recording acts of this state more stringent as against one having an unrecorded right in land, and in favor of a purchaser without notice of such claim.

The argument is a non sequitur, however, because it begs the question whether judgment creditors are purchasers. *Cunningham* did not deal with that issue.

Neither does *Valentine v. Portland Timber & Land Holding Co., supra,* support Boise Cascade's position. *Valentine* held that a mortgagee who purchases at his foreclosure sale is a bona fide purchaser for value as against unknown or unrecorded equitable interests. In *Valentine,* the court, without mentioning *Dawson,* questioned by way of dicta the rationale underlying the *Dawson* rule, stating that the consideration a judgment creditor pays includes something more than his preexisting debt, namely, the legal expenses of the proceeding. *Valentine,* 15 Wn. App. at 130. Nevertheless, the cases are consistent in holding that a judgment creditor who purchases at his own execution sale is not a bona fide purchaser within the protection of the recording statute. *See deMers v. Oxford, supra.* We perceive no difference between the rationale of those holdings and the rationale of *Dawson. Dawson* continues to be good law.

In sum, we conclude that Boise Cascade's judgment lien was junior to the prior unrecorded mortgage of Aberdeen

Federal. Boise Cascade raises an additional issue concerning the nature of the Banks–Aberdeen Federal mortgage as a substitute for the EMH mortgage. However, we do not reach that issue for, no matter how we view the situation, our conclusion is the same.[5]

Reversed. Remanded with directions to enter summary judgment in favor of Aberdeen Federal.

PETRICH, C.J., and REED, J., concur.

Reconsideration denied December 12, 1983.

Review denied by Supreme Court February 3, 1984.