[No. 7859-1-III.   Division Three.   January 26, 1988.]

R.O.I., INC., *Respondent,* v. RALPH R. ANDERSON, ET AL, *Defendants,* HINTON AND STEEL, INC., *Appellant.*

*George Stege III* and *Benson, Hattrup & Stege,* for appellant.

*John Woodbery* and *Ruthford & Woodbery,* for respondent.

GREEN, J.—R.O.I., Inc., brought this action to quiet title to certain property that its predecessors in interest purchased at a lien foreclosure sale. Summary judgment was entered for R.O.I. Hinton and Steel, Inc. (H & S), a judgment creditor, appeals.

H & S asserts it had neither actual nor constructive notice of the lien foreclosure action—a lis pendens not having been filed. H & S contends its judgment lien, although derived from a general creditor status and obtained after the foreclosure action was commenced, is a viable lien against the R.O.I. property. Resolution of this contention requires a summary of the facts.

The property in question was originally owned by Reintree Corporation. Reintree and Starwater, Inc., a subsidiary, undertook to develop the property in 1978. During the course of this development, various labor and materialmen's liens were recorded.

In February 1980, Terrene Excavators, Inc., a subcontractor on the project, commenced an action in Kittitas County to foreclose its labor and materialmen's lien. Since H & S was not then a lienholder of record, it was not named as a party to the action. Giaudrone and Strong (G & S) intervened in the action claiming priority. On July 10, 1980, the action was tried to the court. G & S was granted first priority and its lien, along with the others, was foreclosed on September 2, 1980, and the property sold at a sheriff's sale in parcels to G & S and other lienholders. This sale was confirmed by the court on January 12, 1981.

Meanwhile on July 22, 1980, H & S, a general creditor of Reintree and Starwater, obtained a judgment against them in King County. A certified abstract of this judgment was filed in Kittitas County on July 24, 1980. H & S did not search the records at that time to determine whether there was any action pending in Kittitas County or any recorded liens against Reintree.

Carl Hasek, the holder of a labor and materialmen's lien, moved to intervene after the action had been heard but before judgment. This motion was denied. On September 4, 1980, he brought an action to foreclose his lien upon one parcel involved in the Terrene action. H & S was named as a party and served with process along with G & S and others. H & S thereby received *actual* notice of the prior Terrene action which had culminated in the judgment of foreclosure entered on September 2. Notwithstanding, H & S made no effort to intervene in the prior proceeding in order to assert its judgment lien and stay the foreclosure sale until its priority could be determined; instead, H & S remained mute. Further, H & S did not object to the confirmation of the sale nor did it attempt to redeem the property.

On February 11, 1985, R.O.I., which subsequently bought the property, commenced this quiet title action. H & S was named as a party and served with process by virtue of its judgment. H & S and R.O.I. both moved for summary

judgment. The motion was granted in favor of R.O.I. and this appeal followed.

H & S takes the position it has a valid and subsisting lien because it was not a party to the original foreclosure and, since a lis pendens was not filed, it did not have constructive or actual notice of the action until after the judgment of foreclosure was entered. H & S further asserts its lien was not lost by its failure to intervene, to object to confirmation of the sale or to redeem the property during the redemption period.

■ The lis pendens statute, RCW 4.28.320, provides:

In an action affecting the title to real property the plaintiff, at the time of filing the complaint, or at any time afterwards, . . . *may* file with the auditor of each county in which the property is situated a notice of the pendency of the action . . . From the time of the filing only shall the pendency of the action be *constructive notice to a purchaser or encumbrancer of the property affected thereby, and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were a party to the action.*

(Italics ours.) The underlying purpose of a lis pendens is to give notice to anyone who subsequently deals with the property that such person or entity will be bound by the outcome of the action to the same extent as if it were a party to the action. The lis pendens has no effect on the substantive rights of the parties, but is merely a method of forcing a purchaser or encumbrancer under a subsequent recorded conveyance to either set up that claim in the action or be bound by the judgment therein. *Merrick v. Pattison,* 85 Wash. 240, 245, 147 P. 1137 (1915). The filing of a lis pendens is not required but is permissive. *See May v. Sutherlin,* 41 Wash. 609, 84 P. 585 (1906).

Here, it is clear H & S was not a purchaser, but was an encumbrancer. *De Voe v. Rundle,* 33 Wash. 604, 610, 74 P. 836 (1903). The question is whether it is the type of

encumbrancer contemplated by the lis pendens statute. When H & S, a general creditor, obtained a judgment and filed it in Kittitas County, that judgment by operation of law became a lien upon all property of Reintree, the debtor. RCW 4.56.190. However, in our view, H & S was not dealing with the property in the sense contemplated by the statute and, therefore, the failure to file the lis pendens is of no consequence. The statute contemplates the filing of a lis pendens to be notice to one who, for valuable consideration, either purchases, takes a security interest in, or leases the property. *See Merrick v. Pattison, supra* at 249. H & S does not fall within these classes. Consequently, the failure to file the lis pendens notice does not confer on H & S, a judgment creditor, the right to claim the benefit of the statute to the exclusion of other lienholders who were parties to the foreclosure action and whose interests were not completely satisfied at the foreclosure sale.

■ Moreover, the filing of a lis pendens in a lien foreclosure action gives very little notice beyond that given by a recorded lien. H & S had constructive notice of the recorded labor and materialmen's lien held by G & S and others prior to the time it became a judgment creditor.[1] *A.A.C. Corp. v. Reed,* 4 Wn. App. 777, 483 P.2d 1293 (1971). Thus, H & S was on inquiry notice to investigate the status of those recorded liens. It did not do so. Had it done so it would have discovered those liens had priority over its more recent judgment lien and that a foreclosure action was pending with respect to those liens.

Furthermore, the statute provides that the lis pendens is constructive notice to subsequent purchasers or encumbrancers who "shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were a party to the action." Even if H & S had been made a party to the Terrene foreclosure action, the labor and materialmen's liens had clear priority over its judgment creditor's

---

[1]In fact, had H & S obtained its judgment prior to the time the foreclosure action was commenced, RCW 60.04.120 mandates it be joined as a party.

lien. RCW 60.04.050. Several of those lienholders purchased the property at the sheriff's sale in satisfaction of those liens—there were no excess funds to be distributed to judgment lienholders. The effect of H & S's contention is that it obtained greater rights by being omitted from the Terrene action than it would have had if named as a party. Clearly, this contention must fail. In *Merrick v. Pattison, supra,* after noting that the lis pendens statute is only a law of procedure and does not affect the substantive rights of the parties, the court stated at pages 246–47:

> In *Lamont v. Cheshire,* 65 N. Y. 30, in considering the effect of a notice of *lis pendens* filed under a statute in substance like ours, after reviewing at some length the theory of *lis pendens,* the court said:
>
> ". . . The statute distinctly provides that a person whose conveyance is executed or recorded subsequent to the filing of a notice shall be deemed a subsequent purchaser, and bound by the proceedings *to the same extent as if he were a party to the action.* It is necessary to ascertain, therefore, what would have been the effect if the defendants had been made parties to the action. Had the plaintiff made the defendants parties to the action, his attachment proceedings would, of course, have been nugatory. As soon as the whole case had been disclosed it would have appeared that he was making a claim against a person who was in no respect liable to him, and his complaint would have been dismissed. How can he, under the statute, have any greater claims by omitting him? The words 'to the same extent as if he were a party to the action' cannot be omitted in construction.
>
> ". . . There is but a single underlying principle. This is, that the holder of the unrecorded instrument is affected to the same extent 'as if he were a party to the action,' and had not appeared or made any defense."

Thus, had H & S been named to the original action, its status as a judgment creditor would have resulted in no recovery because its lien did not have sufficient priority. *See Dawson v. McCarty,* 21 Wash. 314, 317, 57 P. 816 (1899); *Aberdeen Fed. Sav. & Loan Ass'n v. Empire Manufactured Homes, Inc.,* 36 Wn. App. 81, 672 P.2d 409

(1983), *review denied,* 100 Wn.2d 1041 (1984). Perforce, its claim against R.O.I. must fail.

Therefore, H & S is bound by the foreclosure and sale to G & S and others who purchased the property. Title to the property was properly quieted in the successor in interest, R.O.I. To hold otherwise would mean that H & S, immediately after the sheriff's sale to G & S and other lienholders, could assert and require those purchasers to pay the amount of its judgment when in fact G & S and other lienholders had clear lien priority. This would create an anomalous result.[2]

Affirmed.

THOMPSON, J., concurs.

McINTURFF, C.J. (concurring)—I concur in the majority's opinion, but I wish to note further that H & S's position was substantially different from that of the claimant in *Hasek v. Terrene Excavators, Inc.,* 44 Wn. App. 554, 723 P.2d 1153 (1986). Mr. Hasek held a recorded materialmen's lien on this same property, *i.e.,* his interest arose out of his work and the materials he incorporated in the property. In contrast, H & S's judgment lien was limited to its debtor's interest in the property. The foreclosure action determined that the debtor had no interest left after satisfying the various materialmen's liens.

Reconsideration denied March 15, 1988.

---

[2]Reliance by H & S upon Restatement (Second) of Judgments § 44 (1982) is misplaced as that section pertains to transfers and is not applicable to a judgment creditor.