[No. 25494-4-I.   Division One.   July 29, 1991.]

JOHN MORGAN CONSTRUCTION CO., INC., ET AL, *Appellants,* v. BROCK A. MCDOWELL, *Respondent.*

---

[19]*See* RCW 9.94A.120(7); *State v. Jackson,* 61 Wn. App. 86, 92, 809 P.2d 221 (1991).

*Richard C. Nelson,* for appellants.

*William C. Graves,* for respondent.

GROSSE, C.J. — John Morgan Construction Co., Inc., and Helen E. Plastino (hereinafter referred to collectively as Morgan Construction) appeal from a summary judgment denying their motion to permanently enjoin respondent Brock A. McDowell, d/b/a Brock A. McDowell Co. (McDowell), from enforcing a judgment foreclosing a mechanics' lien. Morgan Construction contends that the trial court erred in concluding that McDowell did not have to file a lis pendens to enforce a mechanics' lien as against parties who purchase the affected property more than 8 months after the filing of a notice of claim of lien but prior to foreclosure of the lien. We affirm.

The relevant facts are undisputed. In 1986 McDowell, an excavation contractor, contracted with Windsor Development, Inc., to install sewers and storm drains on a 4-lot short plat owned by Windsor. Shaffer Crane, Inc., another contractor on the project, filed a claim of lien against lot 2 of the development on March 9, 1987. On April 28, 1987, McDowell filed an amended claim of lien for labor and materials against the entire short plat.

On September 21, 1987, Shaffer Crane commenced an action to foreclose its lien against lot 2. Shaffer Crane

also filed a lis pendens. In October of 1987, McDowell filed a complaint in intervention in the lawsuit commenced by Shaffer Crane, seeking to foreclose its lien against the entire short plat. McDowell did not file a lis pendens. In January 1988, Windsor sold lot 3 of the short plat. McDowell agreed to release its lien on lot 3 in exchange for partial payment of the amount alleged to be unpaid.

In April 1989, appellant John Morgan Construction purchased lot 4B[1] of the short plat from Windsor. In May 1989, appellant Helen Plastino purchased lot 1. Both appellants maintain that they did not have actual knowledge of McDowell's claim of lien or of the pending foreclosure action at the time they purchased the lots from Windsor.

The foreclosure action was tried on September 7, 1989, at which time McDowell apparently learned of the sale of lots 1 and 4B. The trial court entered a judgment in McDowell's favor totaling $6,693.57, plus attorney fees, and upholding the validity of McDowell's lien. A judgment on priority and a decree of foreclosure were entered on October 11, 1989.

On October 24, 1989, Morgan Construction filed a motion for order to show cause seeking to restrain McDowell from executing on the judgment against its lots. An order granting the requested restraint, pendente lite, was entered on November 15, 1989. Morgan Construction then moved for summary judgment seeking to enjoin McDowell permanently from enforcing its judgment against lots 1 and 4B "because the plaintiffs [Morgan Construction] were innocent purchasers of the subject property, in good faith and for value, and as such are protected by the lis pendens statute." Cross motions for summary judgment were heard on December 8, 1989. The trial court denied Morgan Construction's motion and

---

[1]Lot 4 of the short plat was divided into lots 4A and 4B.

granted McDowell's motion, striking the temporary restraining order and dismissing Morgan Construction's action.

On appeal, Morgan Construction maintains that it was a bona fide purchaser of the property who took free of McDowell's lien foreclosure judgment. In essence, Morgan Construction invites this court to engraft an additional condition on RCW 60.04, the mechanics' liens statute, requiring lien claimants to file a lis pendens upon commencing a foreclosure action in order to enforce the lien against those who purchase the property during a pending foreclosure action with constructive knowledge of the claim of lien, but without actual knowledge of the foreclosure action. We decline the invitation.

■ A bona fide purchaser for value is "one who without notice of another's claim of right to, or equity in, the property prior to his acquisition of title, has paid the vendor a valuable consideration.' " *Miebach v. Colasurdo*, 102 Wn.2d 170, 175, 685 P.2d 1074 (1984) (quoting *Glaser v. Holdorf*, 56 Wn.2d 204, 209, 352 P.2d 212 (1960)). Notice in this sense, however, is not actual notice:

> "It is a well-settled rule that where a purchaser has knowledge or information of facts which are sufficient to put an ordinarily prudent man upon inquiry, and the inquiry, if followed with reasonable diligence, would lead to the discovery of defects in the title or of equitable rights of others affecting the property in question, the purchaser will be held chargeable with knowledge thereof and will not be heard to say that he did not actually know of them. *In other words, knowledge of facts sufficient to excite inquiry is constructive notice of all that the inquiry would have disclosed.*"

(Italics ours.) *Miebach v. Colasurdo*, 102 Wn.2d at 175-76 (quoting *Peterson v. Weist*, 48 Wash. 339, 341, 93 P. 519 (1908)).

■ Here, Morgan Construction does not dispute that it had constructive notice of McDowell's claim of lien. As

this court has observed in a similar context, constructive notice of a recorded claim of lien is sufficient to put a party on inquiry notice

> to investigate the status of . . . recorded liens. It did not do so. Had it done so it would have discovered those liens had priority over its more recent judgment lien and that a foreclosure action was pending with respect to those liens.

*R.O.I., Inc. v. Anderson*, 50 Wn. App. 459, 463, 748 P.2d 1136 (1988). Because it had constructive notice of McDowell's claim of lien, Morgan Construction's assertion that it is a bona fide purchaser fails.

A mechanics' lien arises and attaches upon the performing of labor or furnishing of materials. RCW 60.04-.010. In order to perfect and eventually enforce such a lien, a claimant must follow a series of detailed statutory requirements, including the recording of a claim of lien with the auditor of the county in which the property is located within 90 days of the cessation of labor. RCW 60.04.060. In addition,

> [n]o lien created by [RCW 60.04] binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien . . ..

RCW 60.04.100.

When a claimant follows the requirements of RCW 60.04, including the timely recording of a claim of lien, and then commences an enforcement action within 8 months of the claim of lien, the lien binds the property from the time labor was first performed and has priority over "any lien, mortgage or other incumbrance which may attach subsequently to the time of the commencement of the performance of the labor . . .". RCW 60.04.050.

■ Morgan Construction argues that a lien claimant, in addition to the procedures mandated by RCW 60.04, should be required to file a lis pendens, *see* RCW

4.28.320,[2] in order to enforce a lien against those who deal with the property during a foreclosure action. Although the record indicates that commentators and practitioners disagree whether filing a lis pendens under such circumstances is a good idea, Morgan Construction has cited no Washington authority suggesting that such a step is required. *See* M. Keyes, *Construction Lien Practice and Procedure Manual for the State of Washington* 11 (1976 & Supp. 1990) ("it is not necessary to file a lis penden[s] upon the commencement of foreclosure of the lien claim").

Generally, "[t]he filing or recording of [a lis pendens] is not necessary in the foreclosure of a mechanic's lien unless expressly required by statute." (Footnote omitted.) 53 Am. Jur. 2d *Mechanics' Liens* § 345, at 870 (1970); *see also* 57 C.J.S. *Mechanics' Liens* § 289 (1948). RCW 60.04 imposes no such requirement. *Cf. In re Foreclosure of Liens*, 117 Wn.2d 77, 811 P.2d 945 (1991) (filing of lis pendens not required in property tax foreclosure actions). The filing of a lis pendens is permissive and has no effect on the substantive rights of the parties. *See R.O.I., Inc. v. Anderson, supra.*

Morgan Construction asserts that a prospective purchaser of property has no obligation to research beyond the recorded chain of title. However, this assertion begs the question of the legal effect to be accorded McDowell's recorded claim of lien. As we have already determined, constructive notice of the claim of lien is sufficient to

---

[2]RCW 4.28.320 provides in pertinent part: "In an action affecting the title to real property the plaintiff, at the time of filing the complaint, or at any time afterwards, . . . *may* file with the auditor of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property in that county affected thereby. *From the time of the filing only* shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby, and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were a party to the action." (Italics ours.)

defeat Morgan Construction's claim that it is a bona fide purchaser. Moreover, whatever the validity of the general proposition in other contexts, it is unwarranted with respect to mechanics' liens.[3] Because a properly perfected lien relates back to the commencement of labor, and because a claim of lien need not be filed until 90 days after cessation of labor, a party may purchase property subject to an enforceable lien under some circumstances even if a title search reveals no recorded claim of lien.

The filing of a lis pendens in conjunction with a lien foreclosure action provides "very little notice beyond that given by a recorded lien." *R.O.I., Inc. v. Anderson, supra.* Morgan Construction's proposed rule would reduce the burden on subsequent purchasers only in very limited circumstances that depend on the specific timing of the performance of labor, claim of lien, commencement of the lien foreclosure action, and the date of purchase. In the instant case, for example, had McDowell timely filed a lis pendens, Morgan Construction would still have had to look beyond record title to determine the status of the lien. *Cf. In re Foreclosure of Liens, supra.* In any event, Morgan Construction's policy arguments in favor of a lis pendens requirement are most appropriately directed to the Legislature.

Morgan Construction relies heavily on *Packard Bell Elecs. Corp. v. Theseus, Inc.*, 244 Cal. App. 2d 355, 53 Cal. Rptr. 300 (1966) and *Scottsdale Mem. Health Sys., Inc. v. Clark*, 157 Ariz. 461, 759 P.2d 607 (1988), cited for the first time in its reply brief. Neither decision supports Morgan Construction's claim to bona fide purchaser status.

---

[3]*Koch v. Swanson*, 4 Wn. App. 456, 481 P.2d 915 (1971), relied upon by Morgan Construction for this proposition, is inapposite in the context of liens. *Koch* involved a title search that did not reveal a prior encumbrance because of an erroneous property description. Here, a proper title search would have revealed McDowell's recorded claim of lien.

In *Packard Bell*, the court held that the filing of a lis pendens was required in order to bind the property against parties who had purchased after commencement of a lien foreclosure action. This decision, however, rested on statutory analysis of a lis pendens provision incorporated into the mechanics' liens statutes. *Packard Bell*, 53 Cal. Rptr. at 304. *Packard Bell* therefore supports the general rule that the filing of a lis pendens is not necessary, absent a specific statutory requirement, in order to preserve lien rights against those who purchase the property during a lien foreclosure action.

In *Scottsdale*, the court found that constructive notice of a lien claim did not constitute constructive notice of a pending lien foreclosure action. *Scottsdale*, 759 P.2d at 611. Morgan Construction's reliance on this proposition in the context of the instant case, however, is misplaced. The distinction drawn by the *Scottsdale* court between notice of a lien claim and notice of a pending lien foreclosure action must be viewed in light of the procedural posture of the case. The question before the court in *Scottsdale* was whether "a party whose title is derived from a nonjudicial foreclosure of a deed of trust is bound by a judgment taken against the original owner by the holder of a mechanic's lien." *Scottsdale*, at 463.

While the *Scottsdale* court determined that the foreclosure judgment had no *preclusive* effect on the purchaser, the court also concluded that the purchaser took title subject to the recorded lien claim. *Scottsdale*, 759 P.2d at 611. The court further held that the trustee's sale had no effect on the lien claimant's rights and that the lien claimant "may still enforce his lien . . . by foreclosing it against [the purchaser]." *Scottsdale*, at 468 (but holding that the statute of limitations had expired on any enforcement action). Rather than bolstering its position, *Scottsdale*, when viewed in context, supports the proposition that Morgan Construction was not a bona fide purchaser.

The decision of the trial court is affirmed.

FORREST and KENNEDY, JJ., concur.