IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| Kimberley Han and Silverwater Nature Place, LLC, | ) ) ) | No. 37360-6-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| Robert J. Cartano and Maureen M. Cartano, | ) ) | |
| Respondents. | | |

FEARING, J. — Silverwater Nature Place, LLC, (Silverwater) appeals the superior court's release of a lis pendens on property formerly owned by the company. We affirm the removal of the lis pendens because Silverwater sues for money damages, not for an interest in the property.

## FACTS

Because we base our decision on the Silverwater's amended complaint, we extract the facts from that complaint. Silverwater captions the complaint: "AMENDED Complaint to Quiet Title." Clerk's Papers (CP) at 9.

Silverwater, solely owned and managed by Kimberly Han, formerly owned property on Silverdale Way in scenic, serene Silverdale. On August 4, 2017, Silverwater

and Robert and Maureen Cartano signed a real estate purchase and sale agreement for the sale of the property at $425,000. According to the written agreement, the parties agreed that the property would be transferred by statutory warranty deed.

> Fee title to the subject property *shall be conveyed from Seller to Buyer at time of closing by Statutory Warranty Deed* subject to the aforesaid Symington Deed of Trust.

CP at 15 (emphasis added). The deed also included an integration clause.

> Buyer and Seller agree that there are no oral or written representations which are not contained herein and that there are no verbal or other agreements which modify or effect this Purchase Agreement and that this Purchase Agreement supersedes any prior understanding(s) or agreement(s) between Buyer and Seller for purchase and sale of the subject property. All representations by Seller in this Purchase Agreement are limited to the best of Seller's knowledge.

CP at 16.

According to Silverwater, the true agreement between the parties was a loan of $350,000 from Robert and Maureen Cartano to Silverwater encumbered by the Silverdale property rather than a sale of the property. To create the encumbrance, Silverwater, on August 3, 2017, executed a quit claim deed for the property to Robert and Maureen Cartano. Someone recorded the quit claim deed on July 19, 2018, after the commencement of this suit.

Under the verbal agreement and contrary to the written purchase and sale agreement, Silverwater unofficially continued to own the property, and Silverwater enjoyed ninety days, during which it could sell the property. During that time

2

Silverwater could continue to receive rents of $1850 per month on the property. In fact, Silverwater collected those rents.

Also under the verbal agreement, if Silverwater did not sell the property within ninety days, Robert and Maureen Cartano could sell the property. On such a sale, the Cartanos could keep $400,000 of the purchase price, with $50,000 of this sum representing interest on the $350,000 loan. Silverwater was entitled to any sale proceeds above $400,000.

On September 6, 2017, despite this alleged verbal agreement for a loan, Silverwater signed a statutory warranty deed conveying the property to Robert and Maureen Cartano. On September 11, 2017, the parties recorded the deed with the county auditor. A closing statement for the transaction from Fidelity National Title Company confirmed the September 11, 2017 closing date, but identified a sales price of $350,000 rather than the $425,000 identified in the purchase and sale agreement.

At the time that Silverwater filed suit in May 2018, Robert and Maureen Cartano had a pending sale of the property for $549,000. Silverwater worried that the Cartanos would keep all of the sales proceeds, rather than deliver $149,000 to Silverwater. In the amended complaint, Silverwater does not allege that the Cartanos lacked authority to sell the Silverdale property. Silverwater does not ask to enjoin any sale by the Cartanos.

PROCEDURE

On May 23, 2018, Kimberly Han and Silverwater (collectively Silverwater) filed suit to quiet title to the Silverdale property. On the same day, Silverwater recorded a lis pendens with the county auditor. On June 8, 2018, Silverwater filed its amended complaint to quiet title. The amended complaint asked:

> A. For judgment quieting title of above-described real property in Plaintiff Silverwood.
> B. In the alternative for the court to order that the verbal agreement between the parties be followed.
> C. For plaintiff's attorney fees and costs and disbursements herein.
> D. For such other and further relief as the court may deem just and proper.

CP at 11.

On July 3, 2018, Robert and Maureen Cartano filed a motion to cancel the lis pendens. With the motion, the Cartanos argued that, as a result of the recorded statutory warranty deed, Silverwater holds no legal interest in the property. They also contended that any unwritten agreement did not survive the real estate sale and purchase agreement and deed and violated the statute of frauds.

Robert Cartano signed a declaration in support of the motion to remove the lis pendens. Cartano acknowledged that an agreement existed pertaining to the sale of the property within the first ninety days after closing, but denied one existed thereafter. Cartano also stated that the Cartanos entered a contract to sell the property to a third party and the lis pendens would prevent the sale and cause them damage.

4

On July 12, 2018, the day before the hearing to cancel the lis pendens, Kimberly Han, on behalf of Silverwater, filed a type written letter to the court outlining facts. The letter repeated allegations from the amended complaint. The letter added that Silverwater offered, in February 2018, to repay the loan in full, but Robert Cartano refused payment.

On the day of the motion hearing, Kimberly Han sought a continuance. The court denied the motion to continue.

The trial court ruled Kimberly Han's letter to be untimely, but considered the letter anyway and concluded that the facts alleged therein did not provide a defense to the motion to remove the lis pendens. The court lifted the lis pendens since Silverwater lacked any writing that contradicted the execution of the statutory warranty deed. The trial court awarded Robert and Maureen Cartano reasonable attorney fees and costs.

On August 24, 2018, Silverwater filed a notice of appeal with the trial court. In September 2018, the Cartanos sold the property.

## LAW AND ANALYSIS

Before reviewing the merits of the appeal, we must resolve two arguments raised by Robert and Maureen Cartano in an attempt to gain summary dismissal of the appeal. The Cartanos alternatively argue that the appeal is moot and the trial court's lifting of the lis pendens is not an appealable order.

Mootness

Robert and Maureen Cartano argue that this reviewing court can not provide Silverwater effective relief since the the Cartanos sold the Silverdale property after the trial court canceled the lis pendens. Silverwater responds that, at the time it filed its appeal, the property had not sold. Silverwater contends that the third party purchased the property at his or her own risk and subject to the lis pendens.

A case is technically moot when this court cannot provide the basic relief originally sought. *In re Detention of Swanson*, 115 Wn.2d 21, 24, 793 P.2d 962, 804 P.2d 1 (1990). Or, when effective relief can no longer be granted, the case is moot. *Dioxin/Organochlorine Center v. Pollution Control Hearings Board*, 131 Wn.2d 345, 350, 932 P.2d 158 (1997); *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984).

Robert and Maureen Cartano's argument of mootness assumes that the lis pendens did not survive Silverwater's appeal because the trial court already ordered the cancellation of the lis pendens. We note that Silverwater never posted a bond to stay the trial court's ruling and wonder whether a bond is required for the lis pendens to encumber the property during the appeal process. One Washington decision suggests that the appellant must obtain a stay, must post a bond, or must do both in order for the lis pendens to retain efficacy after the trial court's order canceling the lis pendens. *Beers v. Ross*, 137 Wn. App. 566, 575, 154 P.3d 277 (2007). Two other state opinions intimate

that no stay or bond is needed. *Morton v. Le Blank*, 125 Wash. 191, 196-97, 215 P. 528 (1923); *Guest v. Lange*, 195 Wn. App. 330, 340, 381 P.3d 130 (2016). The latter decision observes that the weight of authority from other jurisdictions suggests that a notice of appeal alone preserves the lis pendens. *Guest v. Lange*, 195 Wn. App. at 339.

We decline to decide whether Silverwater needed to procure a stay of the trial court's order or to post a bond in order for a purchaser of the property to take title subject to the lis pendens. Even assuming the issue on appeal to be moot, mootness does not remove jurisdiction from this court to hear the appeal. *DeFunis v. Odegaard*, 84 Wn.2d 617, 628, 529 P.2d 438 (1974). Because of the confused nature of the law on the effectiveness of a lis pendens during the appeal process, we rest our decision on another ground.

Appealability

Alternatively, Robert and Maureen Cartano argue that Silverwater had no right to appeal because the order releasing the lis pendens did not dispose of all claims before the superior court and the order is not a "Decision Determining Action" under RAP 2.2(a)(3) (emphasis omitted). Pursuant to RAP 2.2(a)(3), a decision determining the action, for purposes of permitting an immediate appeal, includes:

> Any written decision *affecting a substantial right in a civil case* that in effect determines the action and prevents a final judgment or discontinues the action.

(Emphasis added.)

7

We deem *Washington Dredging & Improvement Co. v. Kinnear*, 24 Wash. 405, 407, 64 P. 522 (1901) instructive. In this ancient decision, the Washington Supreme Court determined that refusal to permit the removal of a lis pendens affected a substantial right. The court wrote:

> The lis pendens is evidently viewed by the law as a cloud on the title to land which it describes. The appellants have an undoubted right to have that cloud removed. *The order of the court refusing to remove it is an order affecting their substantial rights, and is therefore appealable*.

(Emphasis added.)

Robert and Maureen Cartano distinguish *Washington Dredging* on the basis that no other claims were pending before the superior court at the time of the appeal in the previous case. By contrast, Silverwater still maintains her claim for damages alleged in her quiet title claim. Silverwater responds that whether an action is ongoing lacks relevance to the determination that the court order affected a substantial right.

In *R.O.I., Inc. v. Anderson*, 50 Wn. App. 459, 748 P.2d 1136 (1988), this court stated that a lis pendens serves to cloud title and puts third parties on notice of pending litigation. The court observed that a lis pendens has the ability to bind a third party to all proceedings after a lis pendens is filed as if they are an original party to the action. Based on the reasoning of *R.O.I., Inc. v. Anderson*, we conclude that the cancelation of a lis pendens affects a substantial right because the cancelation potentially affects the

relationship between Silverwater and any third party who might purchase the real property.

Cancelation of Lis Pendens

We reach the merits as to whether the superior court correctly canceled Silverwater's lis pendens on the property owned by Robert and Maureen Cartano.

A "lis pendens" is an "instrument having the effect of clouding the title to real property." RCW 4.28.328(1)(a). A party to an action "affecting title to real property" may file a notice of lis pendens with the county auditor. RCW 4.28.320. We later focus on this clause in RCW 4.28.320. This filing gives constructive notice to third parties that the title may be clouded. RCW 4.28.320. In Washington, a lis pendens is procedural only; it does not create substantive rights in the person recording the notice. *Guest v. Lange*, 195 Wn. App. at 336 (2016).

RCW 4.28.320 governs when a court may cancel a notice of lis pendens. The statute reads, in part:

> And the court in which the said action was commenced may, at its discretion, at any time after the action shall be settled, discontinued or abated, on application of any person aggrieved and on good cause shown and on such notice as shall be directed or approved by the court, order the notice authorized in this section to be canceled of record, in whole or in part, by the county auditor of any county in whose office the same may have been filed or recorded, and such cancellation shall be evidenced by the recording of the court order.

9

We read, with RCW 4.28.320, RCW 4.28.328 enacted in 1994. The statute also permits relief for aggrieved parties against whose property claimants improperly filed a lis pendens. RCW 4.28.328 declares in relevant part:

> (2) A claimant in an action not *affecting the title to real property* against which the lis pendens was filed is liable to an aggrieved party who prevails on a motion to cancel the lis pendens, for actual damages caused by filing the lis pendens, and for reasonable attorneys' fees incurred in canceling the lis pendens.
> (3) Unless the claimant establishes a substantial justification for filing the lis pendens, a claimant is liable to an aggrieved party who prevails in defense of the action in which the lis pendens was filed for actual damages caused by filing the lis pendens, and in the court's discretion, reasonable attorneys' fees and costs incurred in defending the action.

(Emphasis added.) This second statute also contains the key phrase involving an action "affecting title to real property."

Robert and Maureen Cartano moved to cancel the lis pendens pursuant to RCW 4.28.328(2). The couple argued that Silverwater's suit did not place title at issue such that Silverwater lacked any right to cloud the title with a lis pendens. The Cartanos further argued that Silverwater lacked any claim against the property's title because the doctrine of merger and the statute of frauds precluded any enforcement of an alleged agreement to return the property to it. The trial court concluded that Silverwater lacked a reasonable basis for filing the lis pendens, although the court did not identify the basis for this conclusion.

10

No Washington case law addresses what constitutes "affecting title to real property" for purposes of RCW 4.28.328. In the past, this court has observed that the Arizona statute governing lis pendens echoes Washington's statute, and we have relied on case law from Arizona regarding how to construe our lis pendens statute. *Schwab v. City of Seattle*, 64 Wn. App. 742, 748, 826 P.2d 1089 (1992). Arizona's lis pendens statute also requires the courts to consider whether the claim "affect[s] title to real property." *Santa Fe Ridge Homeowners' Association v. Bartschi*, 219 Ariz. 391, 396, 199 P.3d 646 (Ct. App. 2008) (quoting ARIZ. REV. STAT. ANN. § 12-1191(A)).

Under Arizona law, a lawsuit "affects a right incident to title if any judgment would expand, restrict, or burden a property owner's rights as bestowed by virtue of that title." *Santa Fe Ridge Homeowners' Association v. Bartschi*, 219 Ariz. at 396. The claimant improperly files a lis pendens if the claim lacks any basis for asserting that the action affects title or on finding that the claim is not supported by credible evidence. *Santa Fe Ridge Homeowners' Association v. Bartschi*, 219 Ariz. at 395.

Silverwater observes that she captioned her amended complaint as a "complaint to quite title." She also requested, in the prayer for relief, that the superior court quiet title to the disputed property on its name.

The statute controlling quiet title actions informs our decision. A plaintiff filing an action to quiet title must "set forth in his or her complaint the nature of his or her estate, claim, or title to the property, and the defendant may set up a legal or equitable

11

defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail." RCW 7.28.120. Not every person who desires to bring a quiet title claim to property may do so. Pursuant to RCW 7.28.010 the person filing the claim must have a "valid subsisting interest in real property" as well as "a right to possession."

Silverwater's amended complaint stated that she unofficially owned the property, yet Robert and Maureen Cartano had authorization to sell after ninety days. The complaint alleged that Silverwater feared the Cartanos would sell the property for $549,000, to a third-party, and keep all funds without following the verbal agreement between the parties. This language affords no reasonable basis for an assertion to title to the land. Instead, the allegations support only a claim for damages. Silverwater conceded that Robert and Maureen Cartano could sell the property. Filing of a lis pendens was inconsistent with the power to sell. The gist of Silverwater's complaint is that the Cartanos intend to keep the sale proceeds.

Silverwater in essence seeks recovery of $159,000 from the proceeds of the sale by Robert and Maureen Cartano. Silverwater could have sought attachment of those funds, but failed to do so.

The law does not afford one a lis pendens when seeking a money judgment.

> (N)otice of lis pendens may not properly be filed except in an action, a purpose of which is to affect directly the title to the land in question. . . . The lis pendens statute does not apply, for example, to an action the purpose of which is to secure a personal judgment for the payment of

12

money even though such a judgment, if obtained and properly docketed, is
a lien upon land of the defendant described in the complaint.

*Bramall v. Wales*, 29 Wn. App. 390, 395, 628 P.2d 511 (1981) (citations omitted).

Because Silverwater's suit does not seek an interest in the real property, we need not

address Robert and Maureen Cartano's alternative arguments that, because of the doctrine

of merger and the statute of frauds, Silverwater lacks credible evidence to support a claim

to the real property.

Silverwater also contends that the trial court erred by canceling the lis pendens as

the action was never "settled, discontinued or abated" as required under RCW 4.28.320.

She argues finality of an action is required before a lis pendens may be canceled.

Nevertheless, as stated above, RCW 4.28.320 governs those lis pendens filed which

affect the title to real property. Because Silverwater does not seek to affect title to the

property, it should have never filed the lis pendens.

## Attorney Fees

Robert and Maureen Cartano request attorney fees pursuant under RCW 4.28.328.

Because the Cartanos prevail, we award them fees on appeal.

CONCLUSION

We affirm the superior court's order removing the lis pendens clouding title to the Silverdale property. We grant Robert and Maureen Cartano reasonable attorney fees and costs on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, C.J.